Howard M. MILLER et al., Plaintiffs,

v.

Winfield H. SCHWEICKART et al., Defendants.

No. 74 Civ. 5089.

United States District Court, S. D. New York.

March 29, 1976.

---

Freeman, Meade, Wasserman, Sharfman & Schneider, New York City, Laurance V. Goodrich, Brooklyn, N. Y., for plaintiffs; J. Owen Zurhellen, III, New York City, of counsel.

Guggenheimer & Untermyer, New York City, for defendant Josephthal & Co.; Marvin E. Pollock, Bruce J. Berman, New York City, of counsel.

Rapaport & Rapaport, New York City, for defendants Hibbard, O'Connor & Weeks, Inc. and G. W. Racasi, Inc.; Martin S. Rapaport, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Upon the argument of the parties' respective motions,[1] plaintiffs' counsel acknowledged there was no basis upon which to oppose the motion of defendant Josephthal & Co. ("Josephthal") for summary judgment, and accordingly it is granted. The sole issue remaining is whether, in addition to allowable statutory costs, defendant should be granted reasonable counsel fees incurred in defense of this action to be assessed against the plaintiffs, as authorized by section 11(e) of the Securities Act of 1933.[2]

The complaint in this derivative and class action charges various defendants, including Josephthal, a brokerage firm, with conspiracy to defraud Schweickart & Co. by participation in unlawful "parking" transactions with it. Josephthal contends there was not the slightest basis for the charge against it. Extensive pretrial discovery has

---

1. Plaintiffs moved to dismiss the action pursuant to Fed.R.Civ.P. 23.1 and 41(a)(2). The defendant moved for summary judgment pursuant to Fed.R.Civ.P. 56.

2. § 11(e), 15 U.S.C. § 77k(e), provides in pertinent part: "In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) if the court believes the suit or the defense to have been without merit, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard."

admittedly failed to unearth any evidence to support the charge. A careful study of the record demonstrates that Josephthal was named as a defendant on the basis of hearsay and rumor of a most tenuous nature.

According to plaintiffs' co-counsel, the sole basis for the suit against Josephthal was statements made by one Robert Bennett, the manager of a former Schweickart & Co. branch office and a personal friend of two of the limited partners on whose behalf the action is brought. Bennett stated that Josephthal was one of eleven firms who had parked bonds for Schweickart & Co. Bennett never had personal knowledge of any parking transactions. He claimed, however, he was told about them by Jerry Heilpern, a former employee of Schweickart & Co. Heilpern had worked in Schweickart's bond trading department and was then seeking employment with Bennett. Heilpern, when contacted directly by plaintiffs' co-counsel, refused to confirm Bennett's statement. Bennett also told plaintiffs' counsel that defendant Tomasulo, one of Schweickart & Co.'s general partners, informed him (Bennett) that in July 1974 Schweickart & Co. had reneged upon a commitment to repurchase securities it had "parked" with Josephthal. However, Tomasulo, in his sworn answers to interrogatories, denied knowledge of any parking transactions.

Thus, the fact is that plaintiffs did not have any confirmation of the hearsay or rumors at the commencement of their action which justified including Josephthal as a defendant. In that circumstance plaintiffs could have commenced this action against those as to whom there was a sufficient basis to make allegations of wrongdoing upon information and belief and then through discovery procedure explored whether there was justification to add Josephthal as a defendant. This was not done; instead Josephthal was named immediately as a co-conspirator. When Josephthal, in the early and subsequent stages of this litigation, sought by way of interrogatories to obtain what information, if any, plaintiff had as the basis for the charges against it, a blank was drawn—the answers only confirmed that plaintiffs had no information that justified the filing of suit against it. Extensive discovery by plaintiffs further emphasized that the charges against Josephthal were groundless.

As this court observed during the argument of this motion, there have been many derivative or class action securities fraud suits—indeed too many—where parties are named in blunderbuss fashion as defendants and included in a variety of conspiracy charges solely on the basis of some slight relationship with those who actively conducted the affairs of the company which usually are the subject of litigation. This shotgun approach ofttimes subjects persons, entirely innocent of wrongful conduct, not only to heavy legal fees but to unfavorable publicity.

Lawyers have a responsibility before subscribing their names to complaints which contain serious charges to ascertain that a reasonable basis exists for the allegations, even if they are made upon information and belief. That is one of the purposes of Rule 11 of the Federal Rules of Civil Procedure.[3] Unverified hearsay based on rumor is not sufficient upon which to subject one to the burdens of complex litigation and heavy legal costs—at least not in this case.[4] The claim that was advanced against Josephthal not only bordered on the frivolous,[5] but there was not the slightest

---

3. Cf. *Murchison v. Kirby,* 27 F.R.D. 14 (S.D.N.Y.1961). Josephthal previously moved under Rule 11 to strike the complaint. The motion was denied, as was a companion motion for summary judgment, pending the completion of discovery by plaintiff. As noted above, discovery confirmed that in fact there was no basis for the assertion of the claim against the defendant.

4. Cf. *United States v. Karathanos,* 531 F.2d 26 (2d Cir. 1976).

5. See *Aid Auto Stores, Inc. v. Cannon,* 525 F.2d 468, 471 (2d Cir. 1975); *Katz v. Amos Treat & Co.,* 411 F.2d 1046, 1056 (2d Cir. 1969).

basis for its assertion. This is a proper case for the exercise of the court's discretionary powers under section 11(e) of the Securities Act of 1933; accordingly, the defendant is awarded $2,500 attorney's fees to be assessed against plaintiffs in addition to statutory taxable costs.

The motions of defendants Hibbard, O'Connor & Weeks, Inc. and G. W. Racasi, Inc. for summary judgment are granted without opposition. These defendants also seek an allowance of reasonable attorney's fees pursuant to section 11(e) of the Securities Act of 1933. In the instance of these defendants there was as little, in fact less, justification for naming them as defendants as in the instance of Josephthal.[6] However, the services rendered on behalf of each were less extensive. Accordingly, the court, in the exercise of its discretion, awards to each the sum of $500, to be taxed with statutory costs as provided by law.

---

6. Bennett did not claim to have received information from Tomasulo concerning these defendants.