803 F.2d 1082
 7 Employee Benefits Ca 2431
 Lyman S. LEE, Plaintiff-Appellant,
v.
The GARRETT CORPORATION RETIREMENT PLAN, Defendant-Appellee.
 No. 85-6443.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 1, 1986.
Decided Nov. 5, 1986.
 
 John T. Heaney, Los Angeles, Cal., for plaintiff-appellant.
 Scott H. Dunham, O'Melveny & Meyers, Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before SNEED, KENNEDY and BEEZER, Circuit Judges.
 KENNEDY, Circuit Judge:
 
 
 1
 Lyman Lee appeals from a dismissal in district court for a lack of subject matter jurisdiction. Lee brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Secs. 1001 et seq. (1982), against the Garrett Corporation Retirement Plan (Garrett) for failure to pay Lee the full benefits to which he was entitled. Relying on ERISA's statutory preemption provision, 29 U.S.C. Sec. 1144 (1982), the district court dismissed the case. The district court concluded that ERISA cases in which the critical acts occur before 1975 are outside the scope of federal jurisdiction.
 
 
 2
 The Garrett Corporation employed Lee in 1955, and, some five years later, on January 1, 1960, adopted a voluntary retirement plan. Lee and approximately seventy-five other employees elected not to participate. On January 1, 1965, Garrett adopted a new plan funded not by the employees, but by Garrett. From 1965 to his retirement, Lee participated in this plan, subject to the plan's amendments.
 
 
 3
 The 1965 version of the plan provided that employees would receive credit for service between 1960 and 1965 only if they had participated in the earlier, employee-funded plan. Between 1965 and 1971, Lee, and some other nonparticipants in the pre-1965 plan, inquired whether they would receive credit for their pre-1965 service, notwithstanding this provision. The Retirement Committee met to discuss Lee's request that he be credited with his service from 1960 to 1965 and determined that the plain language of the plan prevented the credit. On May 22, 1972, the committee sent a written memorandum to Lee, and to twenty other nonparticipants in the pre-1965 plan, explaining its position.
 
 
 4
 Effective January 1, 1975, Garrett amended its plan to conform with ERISA. The provision that had previously denied Lee pre-1965 credit was deleted. In its place the plan computed benefits based on "credited pre-1960 service," "credited 1960-75 service," and "credited post-1975 service." Credit was given only for service time during which the employee was a "participant." In 1984 Lee and another employee again requested that the Retirement Committee credit their pre-1965 service. The Retirement Committee denied the request. On March 30, 1984, Lee retired. He has received credit for nineteen years of service, not the twenty-four that he claims. This action followed.
 
 
 5
 In dismissing the action, the district court relied on two statutes. The first is 29 U.S.C. Sec. 1132 (1982). Section 1132(a)(1) provides that "a participant or beneficiary ... [may bring an action] to recover benefits due to him under the terms of his plan...." Section 1132(e)(1) provides that federal district courts and state courts have concurrent jurisdiction over participant or beneficiary actions to enforce. Section 1132 is the only ERISA section that deals expressly with jurisdiction.
 
 
 6
 The second crucial section is section 1144. Section 1144(a) provides that ERISA preempts all state laws that "relate to any employee benefit plan." Section 1144(b)(1), however, limits the effect of this preemption provision: "[t]his section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975."
 
 
 7
 The district court concluded that section 1144, despite its express limitation to preemption questions, also acted as an implicit restraint on ERISA's jurisdictional authorization. The district court held that if the critical acts occurred before 1975, ERISA would not have preemptive force and federal subject matter jurisdiction would not exist. Turning to the question of when the critical acts occurred, the court concluded that the acts occurred before 1975. Lee contends: (1) that the district court erred in holding that section 1144 is a jurisdictional limitation, and (2) that, in any event, the critical acts occurred after January 1, 1975. We disagree with Lee on both points and affirm the trial court's decision.
 
 
 8
 There is no dispute that Lee is a participant or beneficiary within the meaning of section 1132. A first reading of the statutory language might suggest that dismissal of Lee was inappropriate. In Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1503 (9th Cir.1984), however, we concluded that a plain reading of the statutes is not sufficient. Menhorn held that section 1144 limits the application of section 1132. Thus, even if a plaintiff is a "participant or beneficiary" of a plan, no federal subject matter jurisdiction exists unless the acts critical to the action occurred after January 1, 1975. We note that other circuits have criticized Menhorn. See, e.g., Jameson v. Bethlehem Steel Corporation Pension Plan, 765 F.2d 49, 52 (3d Cir.1985); see also Reiherzer v. Shannon, 581 F.2d 1266, 1271-72 (7th Cir.1978) (holding that section 1132 confers jurisdiction from date of enactment); but see Quinn v. Country Club Soda Co., 639 F.2d 838, 840-41 (1st Cir.1981) (holding that section 1144 is a jurisdictional limitation). Menhorn is the law of this circuit, however, and we follow it.
 
 
 9
 Lee's attempts to distinguish Menhorn are not successful. Lee argues that it is significant that he is a participant or beneficiary of a plan, while the Menhorn plaintiff was not. This distinction does nothing to limit the effect of Menhorn. Menhorn's holding is unambiguous: unless the critical acts occurred after January 1, 1975, a district court may not take jurisdiction over an ERISA action. Plaintiff's status as a participant or beneficiary is relevant only when the plaintiff has cleared this initial hurdle.
 
 
 10
 We also reject plaintiff's contention that the critical acts occurred after January 1, 1975. Under Menhorn, 738 F.2d at 1501-03, the critical acts have occurred when it becomes inevitable that the plaintiff will be denied benefits. Cf. Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group, Inc., 721 F.2d 654, 656 (9th Cir.1983) (holding that events surrounding cause of action for fraud in ERISA case had occurred before January 1, 1975, despite continuing effects). Lee makes much out of the revision of the Garrett plan in 1975 that purported to be "in toto." Lee argues that until this revision was interpreted it was not inevitable that he would be denied benefits. But even in the revision, the plan retained language that made it clear Lee could not receive credit for his 1960 to 1965 service because he was not "a participant" during that period. Although reworded, the provision contains the essential operative language that had been the reason for denying Lee benefits. The 1975 revision of the plan, and the subsequent decisions interpreting it, were not critical acts. There is no subject matter jurisdiction, and it was correct for the district court to dismiss the case.
 
 
 11
 The decision of the district court is AFFIRMED.