**In re Attorney Walter F. KELLY.**

**No. D–77.**

United States Court of Appeals,
Seventh Circuit.

Dec. 11, 1986.

Stephen M. Glynn, Shellow, Shellow & Glynn, S.C., for Kelly.

Walter F. Kelly, Milwaukee, Wis., pro se.

Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

This attorney disciplinary matter arises from a motion filed by attorney Walter F.

Kelly in June of this year to recuse Judge John L. Coffey of this court from participating in the appeal (which had not yet been heard) of a sex-discrimination suit brought against Marquette University. The matter before this motions panel concerns neither the merits of the motion to recuse nor the merits of the appeal. It concerns solely the propriety of a statement contained in an affidavit by Mr. Kelly that he submitted in support of the motion.

The motion states that its basis, "more fully set forth in the accompanying Affidavit of Walter F. Kelly, is that Judge Coffey's close relationship with the defendant-appellee, Marquette University, gives rise to the appearance of prejudice and bias, particularly with respect to the volatile issues involved in this appeal." The affidavit states that "John L. Coffey is a graduate of both Marquette University and Marquette University Law School and is a distinguished and active alumnus of both institutions who has been recognized as such by both institutions and by the community at large in the Milwaukee area," and that, "In addition, John L. Coffey has publicly and actively stated his opposition to abortion, an issue that has been injected into this case by defendant-appellee Marquette University." The affidavit then states that, "In the circumstances of this appeal it would appear highly prejudicial and biased for John L. Coffey to sit on this appeal."

The motion was referred to this motions panel, which issued an order asking Mr. Kelly to substantiate the allegation concerning Judge Coffey's having "publicly and actively stated his opposition to abortion." In response Mr. Kelly filed an affidavit explaining that the allegation "refers to two instances in which, I recall, brochures were received by me in the mail from the St. Thomas More Society of Milwaukee, one in 1975, and one in 1978. In each I believe Judge Coffey was either a participant, speaker, or panelist concerning that Society's consideration of the issue of abortion." The affidavit goes on to state that Mr. Kelly can't locate copies of the brochures and that an officer of the St. Thomas More Society has told him that to the best of the officer's recollection Judge Coffey has never participated in panels of the society dealing with abortion. The affidavit "request[s] the Hon. John L. Coffey to spread upon the record any instances in which he has made at the St. Thomas More Society or elsewhere public statements concerning the public policy, constitutional law, or moral theology respecting abortion."

This panel ordered Mr. Kelly to show cause why he should not be disciplined for violating Rule 11 of the Federal Rules of Civil Procedure, which requires that an attorney undertake a reasonable inquiry before making a factual allegation in a paper filed in federal court. In response Mr. Kelly's counsel filed a statement which said that because Mr. Kelly knew that Judge Coffey was a prominent Catholic layman, knew that the Catholic Church opposes abortion, and had a "recollection (which he concedes may, in retrospect, turn out to be inaccurate) concerning Judge Coffey's participation in affairs of the St. Thomas More Society, Mr. Kelly felt that is [sic] was unnecessary to conduct additional factual inquiry before submitting his affidavit in support of the recusal motion." Counsel later submitted a brief and made an oral presentation to the panel.

■ In the brief and at argument counsel fired off a blunderbuss charge of frivolous arguments (cf. *In re TCI Ltd.,* 769 F.2d 441, 449–50 (7th Cir.1985))—Rule 46(c) of the Federal Rules of Appellate Procedure is unconstitutional because it does not provide for compulsory process; to punish an attorney for a single violation of Rule 11 of the Federal Rules of Civil Procedure would violate the speech and petition clauses of the First Amendment; Mr. Kelly wasn't adequately notified of his right to appear in person rather than just through counsel at the oral hearing to which Rule 46(c) entitles an attorney who is the subject of a disciplinary proceeding if he requests such a hearing; the rule to show cause was fatally defective because it didn't mention Rule 46(c) by name (or rather number).

Kelly's counsel also made a nonfrivolous but incorrect argument: that a violation of Rule 11, which we mentioned in our order to show cause, cannot be the basis of discipline by an appellate court. Rule 46(c) of the appellate rules allows us to impose discipline on an attorney "for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court." Rule 11 is not one of "these rules" (i.e., the appellate rules) and is not incorporated by reference or otherwise in any rule of this court, but its requirements help to define conduct becoming a member of the bar. Compare *Thornton v. Wahl*, 787 F.2d 1151, 1153 (7th Cir.1986), where we imposed a sanction for an appellate filing inconsistent with the standards of Rule 11.

█ The substantial question is whether it is unprofessional for a lawyer to make the kind of sworn statement that Mr. Kelly made on the basis of the kind of information that Kelly had when he made it. The affidavit accompanying the motion to recuse stated without qualification that Judge Coffey "has publicly and actively stated his opposition to abortion." Accepting as true Mr. Kelly's representations concerning the basis of this sworn statement, it is merely that he knew that Judge Coffey was a prominent Catholic, knew the Catholic Church opposes abortion, and recalled having received on two occasions, eight and eleven years previously, brochures (which had since vanished) announcing Judge Coffey's participation as "participant, speaker, or panelist concerning that Society's consideration of the issue of abortion." Mr. Kelly made no effort to verify the fact or precise nature of such participation, or to obtain copies of the brochures, at the time he filed the affidavit. Nor is it apparent how participation, in some unspecified capacity, in the St. Thomas More Society's "consideration of the issue of abortion" eight and eleven years ago translates into "has publicly and actively stated his opposition to abortion."

The statement in the affidavit was a shot in the dark, a guess. But it was not presented as a guess, or even an inference; it was stated as positive fact, though Mr. Kelly had made no effort to determine whether it was fact. "When [attorney] Curl chose to state as a fact what was at the best a guess and a hope, he engaged in misrepresentation." *In re Disciplinary Action Curl*, 803 F.2d 1004, 1006 (9th Cir. 1986). So did attorney Kelly.

A statement of positive fact is a representation not only that the fact is true as represented, but also that the person making the statement has a solid basis for making it. If someone asks you the time, you look at your watch (which you know doesn't work) and tell him it is 2:05, you are misleading him even if 2:05 is your best guess of what time it is. Even if the facts alleged in Mr. Kelly's affidavit are true, which they now appear not to be, the affidavit is an attestation that they are based on knowledge rather than reckless surmise—one does not swear to "facts" that one has no reasonable grounds for believing to be true. Mr. Kelly would like us to use our subpoena power to help him discover whether his guess was a lucky one. The request is inappropriate. The issue before us is not whether Judge Coffey has ever publicly and actively opposed abortion and if so whether this is a proper ground for asking him to recuse himself from the appeal of a sex-discrimination case; it is whether Mr. Kelly acted professionally in making the statement he made, under oath, with all that was implied by the unqualified form of the statement, on the basis of what he knew when he made it. There are at least two things he could have done to verify the statement before he made it, and he did neither. Through inquiry of members of the St. Thomas More Society he could have sought to determine whether Judge Coffey had ever opposed abortion as a panelist or speaker at meetings of the Society. This inquiry, we now know, would have cast substantial doubt on the accuracy of his recollection. Or he could have disclosed the basis of his statement—his recollection of the two brochures, long since discarded, and Judge Coffey's religious affiliation—and let the reader of the affidavit

draw his own conclusion as to whether active and public opposition to abortion could fairly be inferred from the "facts" in Mr. Kelly's possession. He did neither of these things. He leaped before he looked.

■ The novelty in Rule 11 as recently amended is to require that statements in pleadings and other papers filed in court be substantiated by the lawyer (or litigant) signing the paper. See generally *Oliveri v. Thompson*, 803 F.2d 1265, 1274–75 (2d Cir. 1986). A far older principle, however, requires that lawyers who make statements to courts under oath concerning the conduct of fellow lawyers and judges and other participants in the administration of justice be scrupulous regarding the accuracy of those statements. See *Maier v. Orr*, 758 F.2d 1578, 1583–84 (Fed.Cir.1985); *In re Disciplinary Proceedings of Phelps*, 637 F.2d 171, 175 (10th Cir.1981); *In re Greenberg*, 15 N.J. 132, 104 A.2d 46 (1954). A statement that is offered as a positive fact but actually is an extravagant inference from vague recollection does not satisfy this requirement. *United States v. Lachman*, 803 F.2d 1080, 1082 (9th Cir. 1986) (per curiam); compare *In re Disciplinary Action Curl, supra.* It is unprofessional, and thereby censurable under the express terms of Rule 46(c) of the appellate rules, which governs the discipline of attorneys by federal appellate courts.

Because of the unusual facts of this case, the possibility that the affidavit was clumsily rather than dishonestly drafted, and the fact that Mr. Kelly's counsel has now acknowledged that the affidavit was deficient and has assured us that Mr. Kelly will not in the future make inadequately substantiated statements in court filings, we have decided that formal discipline is not appropriate. Let this opinion serve, however, as a warning that this court will not tolerate the making of unsubstantiated factual allegations by attorneys in papers filed with the court.

RULE TO SHOW CAUSE DISCHARGED.