Yomaira **GUTIERREZ**, etc., et al., Plaintiffs,

v.

**CITY OF HIALEAH**, et al., Defendants.

No. 88–201–CIV–EPS.

United States District Court, S.D. Florida.

Jan. 25, 1990.

Norman Funt, Steven J. Kogan and James Pelstring, Miami, Fla., for plaintiffs.

Gregory A. Victor, Miami, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs' counsel's, Norman Funt,[1] Motion for Re-consideration of Sanctions Imposed Under Rule 11 or In the Alternative A Motion for Relief of Order Pursuant to Rule 60 of the Federal Rules of Civil Procedure, and Request for a hearing on the same. Defendants, the City of Hialeah, Hialeah Mayor Raul Martinez, Hialeah Police Chief C.B. Seay, and Hialeah Police Officer Kent Hart (hereinafter referred collectively as "Defendants") filed a Response, and Plaintiffs' counsel filed a Reply thereto. Upon careful review of the same, and of the record, and for the reasons set forth below, this Court denies Plaintiffs' counsel's Motion.

## BACKGROUND

This cause arises out of a shootout in which Hialeah Police Officer Kent Hart shot and killed Julio Gutierrez in self-defense and the defense of others. Plaintiffs, relatives of Gutierrez, sued Officer Hart, the City of Hialeah, Hialeah Mayor Raul Martinez, and Hialeah Police Chief C.B. Seay. Officer Hart, Mayor Martinez, and Police Chief Seay were sued in both their official and individual capacities.

On June 2, 1989, Plaintiffs voluntarily dismissed their Second Amended Complaint without obtaining any kind of settlement. This Court retained jurisdiction over the issue of Defendants' entitlement to attorneys' fees, and by Memorandum Opinion and Order dated October 30, 1989, 723 F.Supp. 1494, this Court sanctioned Plaintiffs' counsel pursuant to Rule 11, Fed.R. Civ.P., on the grounds that this action was frivolous from the outset as to the City of Hialeah, Mayor Martinez, and Police Chief Seay, and ordered that counsel compensate said Defendants for attorneys' fees and costs expended in defending this action. This Court held, however, that Officer Hart was not entitled to an award of attorneys' fees and costs on the grounds that justiciable issues of fact existed as to whether Hart may be civilly liable at the time the Complaint and the two amended complaints were filed.

## PLAINTIFFS' COUNSEL'S MOTION

In support of his Motion, Plaintiffs' counsel attaches a second affidavit of Kenneth Harms relating to the pre-suit investigation of Plaintiffs' claims against the City of Hialeah, Mayor Martinez, and Police Chief Seay.[2] Plaintiffs' counsel previously filed

---

1. On November 14 and 15, 1989, Stephen J. Kogan and James Pelstring respectively, filed Notices of Appearance as co-counsel on behalf of Norman Funt. Though Mr. Funt will be referred herein as Plaintiffs' counsel, it is not to suggest that either Mr. Kogan or Mr. Pelstring is the subject of these proceedings. Nonetheless, Mr. Pelstring is subject to the affirmative duties imposed by Rule 11 to the extent that he signed and certified papers now before this Court.

2. In addition to filing a second affidavit of Kenneth Harms, Plaintiffs' counsel sets forth several grounds for support of his Motion, including:

 A. Although the Complaint asserted the doctrine of *respondeat superior,* such allegation was superfluous to the Complaint and was not relied upon to allege a violation of Section 1983.

 B. Given that Defendants answered the Second Amended Complaint after previously moving twice to dismiss the Complaint, one could assume that Defendants were satisfied that a

an Affidavit of Kenneth Harms dated August 25, 1989, in opposition to Defendants' Motion for Attorneys' Fees and Sanctions. However, because the first affidavit did not specifically spell out the theories of liability against the supervisory and governmental Defendants, counsel has now filed a second affidavit of Kenneth Harms (dated November 14, 1989) with respect to these Defendants.

## DISCUSSION

### Pre-filing Inquiry Into Law

■ Upon signing a pleading, motion or other paper, an attorney certifies that he or she has conducted a reasonable inquiry into the law such that the paper embodies "exist[ing] law or a good faith argument for the extension, modification, or reversal of existing law . . . ." Rule 11, Fed.R.Civ.P. This affirmative duty is violated by failing to research legal precedent adequately, *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 103 F.R.D. 124, 128–29 (N.D.Cal. 1984), *rev'd on other grounds*, 801 F.2d 1531 (9th Cir.1986), or by seeking relief under clearly inapposite or nonexistent precedent. *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194 (7th Cir.1985). A signer's inquiry is not reasonable if the law is discoverable by using basic legal research tools, such as citators, digests, annotated codes, or computerized searches, if available. *See, e.g., Blake v. National Cas. Co.*, 607 F.Supp. 189, 191 n. 4 (C.D. Cal.1984); and *Golden Eagle Distrib.· Corp.*, 103 F.R.D. at 128–29.

■ Kenneth Harms' recommendation that a lawsuit be filed against Defendants did not, nor could have, relieved Plaintiffs' counsel of his affirmative duty to conduct a reasonable pre-filing inquiry into the law such that Plaintiffs' Section 1983 claims against the City of Hialeah, Mayor Martinez, and Police Chief Seay, embodied "ex-

ist[ing] law or a good faith argument for the extension, modification, or reversal of existing law." On February 3, 1988, Plaintiffs filed a two count Complaint alleging violation of 42 U.S.C. § 1983 (Count I) and negligence under Florida's Wrongful Death Act (Count II). Plaintiffs alleged that the City of Hialeah, Mayor Martinez, and Police Chief Seay, were liable for the conduct of Officer Hart under the doctrine of *respondeat superior*. By Order dated March 29, 1988, this Court dismissed Count II of the Complaint, holding that because the doctrine of *respondeat superior* was only applicable to the negligence claim and not the Section 1983 claim, consideration of both claims would lead to jury confusion. On April 4, 1988, the parties stipulated to the dismissal of the Complaint without prejudice for failure to state a claim upon which relief can be granted.

On April 25, 1988, Plaintiffs filed their First Amended Complaint, asserting claims for negligence and violation of Section 1983, and reasserting the doctrine of *respondeat superior* in their Section 1983 claim against Defendants. By Order dated July 1, 1988, this Court dismissed Plaintiffs' negligence claim for the reasons stated in its Order of March 29, 1988, and reiterated that the doctrine of *respondeat superior* was only applicable to Plaintiffs' negligence claim. On January 3, 1989, Plaintiffs filed their Second Amended Complaint. However, notwithstanding this Court's Orders of March 29 and July 1, 1988, holding that the doctrine of *respondeat superior* is inapplicable to Section 1983 actions, Plaintiffs continued to assert this doctrine in their Section 1983 claim.

■ Had Plaintiffs' counsel conducted a reasonable inquiry into applicable law, using basic research tools, he would have discovered that for Plaintiffs to have main-

---

cause of action was stated against the supervisory and governmental Defendants.

C. Because this cause never proceeded to the discovery phase, whether the allegations against the Defendants could be sustained by proof was never determined.

D. Plaintiffs' counsel, Norman Funt, has been practicing law in Miami for fifteen years,

and during this time has had no disciplinary proceedings taken against him by any bar association or court.

Because this Court finds these grounds to be without merit, it shall limit its discussion to the second affidavit of Kenneth Harms.

tained a claim for violation of Section 1983 against the City of Hialeah, Mayor Martinez, and Police Chief Seay, Plaintiffs had to establish more than merely the right to control Officer Hart's conduct. Rather, as this Court stated in its Memorandum Opinion of October 30, 1989:

> "the law is well established that an action pursuant to Section 1983 cannot be based upon the theory of *respondeat superior*. A plaintiff must establish that a supervisor actually exercised control over the officer in connection with the conduct at issue."

pp. 11–12 (citations omitted). Because Plaintiffs' counsel failed to research legal precedent adequately, Plaintiffs filed, not one, nor two, but three complaints seeking relief under clearly inapposite or non-existent precedent. The re-filing of a paper that was adjudicated legally deficient, violates the duty to conduct a reasonable inquiry into the law. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831–32 (9th Cir. 1986); *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777 (7th Cir.1986), *cert. denied*, 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987). Accordingly, this Court finds that Plaintiffs' counsel failed to conduct a reasonable inquiry into the law before bringing claims for violation of Section 1983 against the City of Hialeah, Mayor Martinez, and Police Chief Seay.

### Pre-filing Inquiry Into Facts

Rule 11 places an affirmative duty on an attorney to inquire into the factual basis of a paper before filing it with the court. *A signor can no longer rely solely on his personal interpretation of the facts, conclusory allegations of fact, speculation, suspicion, rumor or surmise to sustain a reasonable belief. In re Kelly*, 808 F.2d 549, 551–52 (7th Cir.1986); *International Harvester Credit Corp. v. Henry (In re Disciplinary Action Curl)*, 803 F.2d 1004, 1006–07 (9th Cir.1986); and *Miller v. Schweickart*, 413 F.Supp. 1059, 1061 (S.D.N.Y.1976). Rather, the facts underlying the paper must either be admissible evidence, or at a minimum, facts likely to lead to such evidence. Schwarzer, *Sanctions Under the New Federal Rule 11—A*

*Closer Look*, 104 F.R.D. 181, 187 (1985). Upon reviewing the second Affidavit of Kenneth Harms, this Court finds that Harms' testimonial remarks are based on mere speculation, and consist entirely of conclusory allegations of fact. Neither the first nor second affidavit could have justified the institution, or the maintaining of, this action against the City of Hialeah, Mayor Martinez, nor Police Chief Seay.

First, although Harms states that the Affidavit was made on personal knowledge, Harms fails to set forth facts evidencing that he is competent to testify to the matters stated therein. Nowhere in the Affidavit does Harms indicate that he is familiar with the Hialeah Police Department's customs and practices, or that he ever worked with the Hialeah Police Department. The Court finds that Harms' conclusions are based on nothing but his own speculation.

Harms bases his opinion solely on his "review of the statements and documents provided, [his] personal knowledge of the contents of various police reports and sworn statements; knowledge of physical evidence in this case," his own expertise, and his knowledge of acceptable rules, regulations, and policies regarding the use of force. However, none of the documents reviewed by Harms could have concerned the City of Hialeah, Mayor Martinez, or Police Chief Seay, as those documents only concerned Officer Hart's actions in the incident that was the subject of this action.

Secondly, Harms' Second Affidavit consists entirely of conclusory allegations that Defendants instituted policy and custom permitting officers to use excessive force in the apprehension of suspects. Such conclusory allegations alone are insufficient to state a claim for violation of Section 1983. *Lincoln Towing*, 771 F.2d 194; *Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658 (7th Cir.1978), *cert. denied*, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979).

Thirdly, Plaintiffs have not disputed Defendants' contention that the negligence claims against Mayor Martinez and Police

Chief Seay in their individual capacities were unfounded. Though the original and First Amended Complaint asserted claims for negligence against these Defendants in both their *official* and *individual* capacities, nothing in Plaintiffs' response to Defendants' Motion for Attorneys' Fees and Sanctions, in their Motion for Reconsideration, nor in either of Harms' affidavits, explained why Plaintiffs sued Mayor Martinez and Police Chief Seay in their individual capacities. Plaintiffs have not introduced a scintilla of evidence that either Defendant acted individually and not within the course and scope of their employment.

 Finally, because Rule 11 does not impose a continuing obligation on the signer to update, correct, or withdraw any paper which when signed, satisfied the requirements imposed by the Rule,[3] the adequacy of each paper under the Rule is only tested as of the time it is signed. However, each newly signed paper must satisfy the Rule's requirements, and must reflect the results of intervening inquiry, including discovery, investigation, and other case developments, since the last paper was signed and filed. As the Seventh Circuit stated in *Pantry Queen Foods, Inc. v. Lifshultz Fast Freight, Inc.*, 809 F.2d 451, 454 (7th Cir.1987):

> There is an implicit obligation to update because Rule 11 applies to all papers filed in the litigation. Each filing must reflect the results of reasonable inquiry. Rare is the case that goes from complaint and answer to trial without an intervening filings.

For instance, the re-filing of a paper that was previously adjudicated deficient, without substantially addressing the factual deficiencies previously adjudicated, violates the duty to conduct a reasonable pre-filing inquiry into fact. *Orange Prod. Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797, 800–01 (9th Cir.1986); *Fuji Photo Film USA, Inc. v. Aero Mayflower Transit Co.*, 112 F.R.D. 664, 667–68 (S.D.N.Y. 1986).

Plaintiffs' counsel asserts that Harms' Second Affidavit relates to counsel's pre-suit investigation of the claims against the City of Hialeah, Mayor Martinez, and Police Chief Seay, and that counsel relied upon the same prior to filing suit. However, even if this Court were to *assume arguendo* that Plaintiffs' counsel reasonably relied upon the Affidavit, and that the Affidavit satisfied the factual inquiry prong of Rule 11, later case developments would have rendered such reliance unreasonable.

On April 4, 1988, the parties stipulated to the dismissal of the original Complaint without prejudice for failure to state a claim upon which relief can be granted. On April 25, 1988, Plaintiffs filed a First Amended Complaint, and thereafter on January 3, 1989, filed a Second Amended Complaint. Plaintiffs ultimately filed a Motion for Leave to File Notice of Voluntary Dismissal on March 20, 1989, which this Court granted on April 6, 1989. Plaintiffs eventually filed a Notice of Voluntary Dismissal on June 2, 1989.

Upon review of the record, this Court finds that Plaintiffs' First and Second Amended Complaint did not substantially address the factual deficiencies of the original Complaint, nor reflect the results of intervening case developments. Rather, this Court finds that Plaintiffs persisted in asserting claims which were factually, as well as legally, baseless. Accordingly, even if this Court were to *assume arguendo* that the original Complaint was not frivolous based on Harms' Second Affidavit, Plaintiffs' counsel's failure to address the factual deficiencies of the original Complaint rendered the First and Second Amended Complaints frivolous.

## AFFIDAVIT OF DEFENDANTS' COUNSEL REGARDING AMOUNT OF ATTORNEYS' FEES AND COSTS EXPENDED IN DEFENDING ACTION

 Pursuant to this Court's Memorandum Opinion and Order Imposing Rule 11

---

3. See, e.g., *Oliveri v. Thompson*, 803 F.2d 1265, 1274, 1275 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); and

*Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 874–75 (5th Cir.1988).

Sanctions, Defendants' counsel filed an Affidavit regarding the amount of attorneys' fees and costs expended in defending the City of Hialeah, Mayor Martinez, and Police Chief Seay. In his Affidavit, Defendants' counsel, Gregory A. Victor, states that in identifying such fees and costs, he attempted to isolate that which was attributable solely to the defense of these Defendants. However, Defendants' counsel advises this Court that he was unable to isolate such fees and costs because the action against the City of Hialeah, Mayor Martinez, and Police Chief Seay derived from Defendant Hart's conduct, thereby resulting in the defense of all Defendants being completely intermingled. According to Defendants' counsel, all work performed in the defense of Defendant Hart had a direct bearing on the defense of the remaining Defendants.

In response, Plaintiffs' counsel argues that any work which benefited Defendant Hart, irrelevant of which Defendant it was performed for, should not be considered in any award of attorneys' fees and costs. Accordingly, Plaintiffs' counsel requests this Court to order Defendants' counsel to segregate work performed in defense of Defendants, the City of Hialeah, Mayor Martinez, and Police Chief Seay, which had no bearing on the defense of Defendant Hart. Plaintiffs' counsel further requests that Defendants be ordered to submit a re-newed affidavit setting forth a detailed accounting of the hours, costs, and purposes of such work.

This Court finds that such a detailed accounting of the hours, costs, and purposes of work expended on the defense of Defendants is necessary to enable both Plaintiffs' counsel and this Court to consider the reasonableness of the attorneys' fees and costs requested by Defendants. Accordingly, Defendants' counsel shall file a re-newed affidavit reflecting the same.

## AWARD OF ATTORNEYS' FEES AND COSTS EXPENDED IN PURSUING RULE 11 SANCTIONS

Defendants request this Court to award them attorneys' fees and costs incurred in pursuing Rule 11 Sanctions against Plaintiffs' counsel. Given the perverse possibility that the imposition of Rule 11 sanctions will often give rise to satellite litigation, the need to deter frivolous litigation demands that this Court not only impose sanctions where Rule 11 is violated, but to also award attorneys' fees and costs in pursuing such sanctions. *See, e.g., Blossom v. Blackhawk Datsun, Inc.,* 120 F.R.D. 91, 103 (S.D.Ind.1988) (defendants and defense counsel also liable for attorney and expert witness fees plaintiffs incurred in prosecuting motion for Rule 11 sanctions); and *Westmoreland v. CBS, Inc.,* 770 F.2d 1168 (D.C.Cir.1985) (nonparty witness who was entitled to sanctions in form of costs and attorney fees, was also entitled to reasonable attorneys' fees for prosecution of appeal from district court's denial of motion for Rule 11 sanctions); *see also Jean v. Nelson,* 863 F.2d 759 (11th Cir. 1988), *cert. granted,* ⸺ U.S. ⸺, 110 S.Ct. 862, 107 L.Ed.2d 947 (1990) (WESTLAW, Instacite) (attorneys' fees awarded under the Equal Access to Justice Act to Haitian refugees challenging policies of INS did not have to be reduced beyond reduction ordered by district court as result of refugees' lack of success on equal protection claim given the factual overlap between their Administrative Procedure Act claim, on which refugees were successful, and equal protection claim). Accordingly, Defendants shall be awarded attorneys' fees and costs incurred in prosecuting their Motion for Attorneys' Fees and Sanctions. Defendants' counsel shall include in the re-newed affidavit attorneys' fees and costs expended in pursuing Rule 11 sanctions.

Based on the above and foregoing, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiffs' counsel's Motion is DENIED.

2. Plaintiffs' counsel's Request for a hearing on his Motion is DENIED.

3. Defendants' request for attorneys' fees and costs expended in pursuing Rule 11 sanctions is GRANTED.

4. Defendants' counsel shall file within 15 days of this Order a re-newed affidavit setting forth a detailed accounting of the hours, costs, and purposes of work performed in the defense of Defendants, and in pursuing Rule 11 sanctions in this cause.