STELCO HOLDING COMPANY, and
Pikeville Coal Company,
Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 95–81T, 97–168T.

United States Court of Federal Claims.

Jan. 13, 2000.

Robert E. Glaser, Cleveland, OH, for plaintiffs.

George L. Squires, Washington, DC, Asst. Atty. Gen. Loretta C. Argrett, for defendant.

OPINION ON PLAINTIFFS' MOTION FOR RECONSIDERATION AND DEFENDANT'S MOTION TO MODIFY THE COURT'S SEPTEMBER 9, 1999 OPINION ON MOTION FOR RELIEF FROM JUDGMENT

REGINALD W. GIBSON, Senior Judge.

By an opinion filed September 9, 1999, this court denied plaintiffs' November 23, 1998 motion, pursuant to RCFC 60(b)(1), requesting relief from the court's judgment initially entered on September 29, 1998. The original decision directed the Clerk, *inter alia*, to enter judgment, pursuant to RCFC 12(b)(1) and 12(h)(3), dismissing the complaint for lack of subject matter jurisdiction, *with prejudice*, insofar as it related to the corporation income tax refund claim of Stelco Holding Company and its consolidated subsidiaries (hereinafter Stelco or plaintiffs) for the taxable year 1988. Plaintiffs' instant motion, dated September 23, 1999, requests that this court reconsider its September 9, 1999 decision denying relief from the original September 29, 1998 judgment. For the reasons set forth below, we hold that Stelco has failed to sufficiently demonstrate entitlement to such relief.

Reconsideration is, of course, not a matter of right but, rather, is granted at the discretion of the court. *Pikeville Coal Co. v. United States*, 37 Fed.Cl. 304, 313 (1997) (citing *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir. 1990)). To prevail, Stelco "must point to a manifest error of law or mistake of fact." *Pikeville Coal*, 37 Fed.Cl. at 313 (citing *Principal Mut. Life Ins. Co. v. United States*, 29

Fed.Cl. 157, 164 (1993)). Here at bar, however, reconsideration is inappropriate, for Stelco " 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the [c]ourt.' " *Id.* (quoting *Frito–Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D. 384, 391 (D.P.R.1981)).

We dismissed Stelco's refund claim for the taxable year 1988, with prejudice, on the grounds that Stelco had failed to carry its burden of showing that this court had subject matter jurisdiction. *Stelco Holding Co. v. United States,* 44 Fed.Cl. 703, 724 (1999) (order denying plaintiffs' motion for relief from judgment). Plaintiffs, in the instant two-page motion for reconsideration, have not illustrated any error of law or mistake of fact not previously argued in the November 23, 1998 motion for relief. In fact, plaintiffs' current motion merely reiterates their former position. The only new argument plaintiffs put forth is that defendant concurs with plaintiffs' "mistake, inadvertence, and excusable neglect" position because defendant's motion " . . . directs the Court's attention to the confusion which has existed in this case as a result of the defendant's filing motions to dismiss years 1984–1995 and the uncertainty concerning whether those years were even before the Court." Plaintiffs' Motion For Reconsideration of Judgment, September 23, 1999, at 2. This argument is insufficient reason for the court to reverse its position. *Pikeville Coal Co.,* 37 Fed.Cl. at 313.

Plaintiffs have had ample opportunity to cure the defect in subject matter jurisdiction. As this court has previously ruled: "[because of] Stelco's knowledge of its duties and its knowing yet *persistent* disregard for this court's rules and procedures, we hold that Stelco's prior failure to produce its 1988 administrative claim for refund [which is necessary for this court to obtain subject matter jurisdiction] was attributable to its own culpable conduct and not excusable neglect." *Stelco,* 44 Fed.Cl. at 722 (emphasis in original). The court will not revisit the analysis and underlying facts supporting this decision, as we have done so two times prior. *See id. and Stelco Holding Co. v. United States,* 42 Fed.Cl. 101 (1998). Therefore, plaintiffs' motion for reconsideration of the court's September 9, 1999 decision is hereby denied.

Defendant filed its motion to modify the court's September 9, 1999 opinion on September 23, 1999, asking this court to change "certain statements which currently indicate that the Government was grossly inattentive to its duties of inquiry. . . ." Defendant's Motion To Modify Court's September 9, 1999 Opinion, at 1. The court's statements in this regard were in dicta and not required for the substantive decision. As such, if the court were to grant defendant's motion, the status of the case and the rights of the parties would not be affected whatsoever. Accordingly, what defendant is apparently asking this court to do is to modify a non-substantive portion of a prior opinion merely because counsel feels personally slighted by the court's comments.

Defendant has not cited a single case, nor pointed to a specific rule of this court, that would support its position. The government had possession of the pivotal document, however innocently, for a long time while it attempted to have the relevant part of the complaint dismissed, which would likely not have happened if the document was produced. *Stelco,* 44 Fed.Cl. at 715. This court's prior opinion, however, falls far short of suggesting a Rule 11 violation, merely stating that the government's actions, were "hardly beyond reproach." *Id.* at 724. The government had a duty to reasonably inquire into the existence of this important document. *See Gutierrez v. City of Hialeah,* 729 F.Supp. 1329 (S.D.Fla.1990). How well that inquiry was conducted has never been a substantive issue before this court and, therefore, such will not be microscopically analyzed herein. It is sufficient to say that, while the government may not have technically violated the rules, its actions were likely not the most forthright. We issued the September 9, 1999 opinion, with references to the government's actions in dicta, because that is what the court believed was the proper characterization of defendant's conduct in this case and felt that such needed to be ventilated. Defendant's motion has not persuaded us otherwise.

## CONCLUSION

Given all of the foregoing, we hold that Stelco has failed to point to a manifest error of law or mistake of fact in the court's opinion dated September 9, 1999. Accordingly, plaintiffs' motion for reconsideration, filed on September 23, 1999, is hereby DENIED. Furthermore, defendant has not demonstrated sufficient basis for this court to modify the September 9 opinion and, therefore, defendant's motion filed September 23, 1999, to modify is also hereby DENIED.

IT IS SO ORDERED.