

**FILED**

February 07, 2022 05:14 PM
ST-2020-CV-00020
**TAMARA CHARLES
CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\***

| | | |
|---|---|---|
| **JARRAH M. ELGADI,** | ) | **CASE NO. ST-2020-CV-00020** |
| | ) | |
| **Plaintiff,** | ) | **ACTION FOR DECREE OF** |
| **-vs-** | ) | **JUDICIAL DISSOLUTION AND WINDUP** |
| | ) | |
| **IDEAL DEVELOPMENT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Cite as: 2022 VI Super 14U

<u>**MEMORANDUM OPINION AND ORDER**</u>

**¶1** **THIS MATTER** is before the Court on:

1. Plaintiff's Motion For Sanctions Pursuant To V.I.R. Civ. P. 11 And The Court's Inherent Authority ("Motion"), filed October 18, 2021; and

2. Plaintiff's Memorandum Of Law In Support Of Plaintiff's Motion For Sanctions Pursuant To V.I. R. Civ. P. 11 And The Court's Inherent Authority ("Memorandum"), filed October 19, 2021.

**¶2** Plaintiff Jarrah M. Elgadi's ("Elgadi") Motion will be denied in part insofar as it requests the Court to direct a party to amend an Answer and Counterclaim. The Court will grant the Motion in part insofar as it requests attorney's fees for the filing of the instant Motion. Finally, the Court will reserve judgment on the request for a sanction of attorney's fees for Elgadi's defense of false allegations or claims until such time as those claims and allegations have been adjudicated or dismissed.

## I. INTRODUCTION

**¶3** Elgadi moves the Court to impose sanctions against Defendant Ideal Development, LLC ("Ideal") and its counsel Namosha Boykin, Esquire, pursuant to Virgin Islands Rules of Civil Procedure 11(b) and 11(c), as well as the Court's own inherent authority.[1] Elgadi alleges that Ideal's Answer and Counterclaims contains "multiple violations of the prohibition against presenting the Court with a pleading for an improper purpose" and that it contains "denials, allegations, and claims and other legal contentions that contain demonstrably false statements of fact" as well as it advances "meritless legal claims and defenses that are not warranted by existing law or any good faith argument for the extension or modification of existing law."[2] Specifically,

---

[1] Pl.'s Mot. 1.
[2] Pl.'s Mot. 1.

Elgadi states that Idea's Answer and counterclaims contains unfounded denials, false representations of fact, and asserts a meritless claim for abuse of process.[3]

¶4　　Elgadi states that he has complied with the "safe harbor" provision of Rule 11(c) by serving a Draft Motion For Sanctions on Ideal's counsel and that he allowed for twenty-one (21) days for Ideal to withdraw; the draft copy has been provided to the Court along with emails between Elgadi and Ideal's counsels.[4] Elgadi requests that Ideal's Answer and Counterclaims be struck from the record, that the Court issue an Order requiring Ideal to file an Amended Answer as well as an Order for Ideal and counsel to pay Elgadi's costs and attorney's fees, and any additional sanctions as the Court deems appropriate.[5] Elgadi's Motion is unopposed.

¶5　　Elgadi states that Ideal's denials in response to paragraphs 11,[6] 22,[7] 23,[8] and 24[9] are "objectively and demonstratively false and/or deliberately misleading."[10] Essentially, Ideal denies that a membership interest in the company was sold to Elgadi, Ideal states it lacks sufficient information as to whether Elgadi obtained a Tax Status Report and it denies owing taxes, Ideal states it lacks sufficient information as to whether Elgadi got an Affidavit from the Corporations Division [of the Virgin Islands Government] and denies that it is not in good standing with Virgin Islands Government, and Ideal denies that Elgadi brought any alleged deficiencies to the attention of Ideal by a letter dated November 25, 2019.[11]

¶6　　Elgadi attached a copy of the Assignment document as Exhibit C which purports to show that a membership interest in the company was sold to Elgadi, he attached as Exhibit E the November 25, 2019 letter which also includes the Tax Status Report, and as Exhibit F Elgadi attached the email exchange with the members of Ideal which acknowledged receipt of the letter. Elgadi further states that not only are Ideal's denials demonstrably false, but that since Elgadi commenced this action on January 15, 2020, an updated review of Ideal's tax status reveals the following: 1) Taxes, penalties and interest due for Parcel 14J Rem had increased to $39,289.25 as of September 10, 2021 and remain unpaid for the years 2017-2021; 2) Taxes, penalties and interest due for Parcel 14M-1 were $12,851.78 as of September 10, 2021 and remain unpaid for 2017-

---

[3] Pl.'s Mot. 1.

[4] Pl.'s Mot. 1.

[5] Pl.'s Mot. 2.

[6] ¶11 of the Complaint states: "On or about September 2, 2016, Joseph sold and assigned 1/2 of his 49% membership interest in the Company to Plaintiff for a payment of THREE HUNDRED SIXTY-TWO THOUSAND DOLLARS ($362,000.00)."

[7] ¶22 of the Complaint states: "Plaintiff has obtained a Tax Status Report from the Office of the Tax Assessor that revealed that the Company has not paid real property taxes for 2017 2018 and 2019 for the Properties. As a result, the Company now owes taxes penalties and interest for Parcel 14M-1 in the amount of $7,444.48, and taxes, penalties and interest for Parcel 14J Rem in the amount of $22,757.50."

[8] ¶23 of the Complaint states: "Plaintiff has obtained an Affidavit from the Corporations Division which reveals that the Company has failed to pay annual franchise taxes or file annual reports that were due on June 30, 2017, June 30, 2018 and June 30, 2019, and as a result is not in good standing."

[9] ¶24 of the Complaint states: "By letter dated November 25, 2019, Plaintiff brought these deficiencies to the attention of the Company and the other members and requested their cooperation in providing information and addressing these issues."

[10] Pl.'s Memorandum 3.

[11] Def.'s Answer And Counterclaim 2, 4.

2021; 3) On February 19, 2020, after commencement of this action, Ideal's Annual Report due June 30, 2017 was filed, and on March 6, 2020, Ideal's Annual Reports that were due in 2018 and 2019 were filed.[12] Copies of the Tax Status Reports for Parcels 14J Rem and 14M-1 were attached as Exhibit G and H, respectively, and copies of the Annual Reports were attached as Exhibit I.

¶7    Elgadi also asserts that the records provided by him also demonstrate how the allegations in paragraphs 91[13] and 92[14] of the Counterclaim are "demonstrably false."[15] Elgadi contends that the managing members "failure to maintain Ideal's good standing by timely filing annual reports and paying annual fees" as well as Ideal's failure to pay property taxes, constitutes evidence of mismanagement which was not "manufacture[d]" by Elgadi but based on publicly available evidence.[16] Elgadi argues that he had the right to commence this action under title 13, § 1801(4) of the Virgin Islands Code.[17] Further, Elgadi argues that the allegations in paragraphs 103[18] and 104[19] of the Counterclaim are additionally demonstrably false.[20] Elgadi asserts that the demand letter served on Ideal's other members on November 25, 2019, shows he notified members of Ideal and tried to remedy his concerns.[21]

¶8    Elgadi also asserts that Count II of the Counterclaim, Abuse of Process, is based solely on the fact that he commenced and then served this action on Ideal.[22] Elgadi cites to *Lee J. Rohn & Associates, LLC v. Griffiths*[23] and *Kiwi Constr., LLC v. Ponor*[24] for the principle that the mere act of commencing a lawsuit and serving a summons cannot constitute abuse of process.[25] Elgadi argues that Ideal's counsel "compounded her Rule 11 violations by refusing to use the safe harbor time period to voluntarily amend Ideal's Answer to correct the false denials and allegations and to voluntarily dismiss the meritless abuse of process claim."[26] Elgadi further asserts that sanctions are also warranted against Ideal, and not just Ideal's counsel, because "Ideal's primary representative in this action, is Shorn T. Joseph. Mr. Joseph is a member of the Virgin Islands Bar."[27] Elgadi also asserts that sanctions are justified because Joseph previously "submitted an

---

[12] Pl.'s Memorandum 6.
[13] ¶91 of Def.'s Answer and Counterclaim states: "No mismanagement or failure to manage exists in the case of Ideal."
[14] ¶92 of Def.'s Answer and Counterclaim states: "Elgadi manufactured allegations of mismanagement and failure to manage in connection with Ideal in order to use 13 V.I.C. § 1801(4) to reach the Courts."
[15] Pl.'s Memorandum 6.
[16] Pl.'s Memorandum 7.
[17] Pl.'s Memorandum 7.
[18] ¶103 of Def.'s Answer and Counterclaim states: "Elgadi has pursued the claims alleged in Civil No. ST-20-CV-20, without first notifying both members of Ideal of his concerns."
[19] ¶104 of Def.'s Answer and Counterclaim states: "Elgadi has pursued the claims alleged in Civil No. ST-20-CV-20, without first trying to remedy the issues underlying those concerns."
[20] Pl.'s Memorandum 7.
[21] Pl.'s Memorandum 7.
[22] Pl.'s Memorandum 8.
[23] 2020 VI Super 106U.
[24] Case No. ST-2013-CV-011, ___ V.I. ___, 2016 V.I. LEXIS 1 (V.I. Super. Ct. Jan. 15, 2016).
[25] Pl.'s Memorandum 8.
[26] Pl.'s Memorandum 9.
[27] Pl.'s Memorandum 9.

Affidavit falsely stating that opposing counsel was the author of a document *that he himself drafted.*"[28]

¶9      Elgadi asserts that even after providing irrefutable evidence of Ideal's errors, Ideal and counsel chose to double down by filing their Answer and Counterclaims "based upon blatant falsehoods" and as a result Elgadi has incurred "the expense of filing a motion to dismiss the abuse of process counterclaim under Rules 12(b) and (c) and Plaintiff has incurred the cost of filing this motion for sanctions."[29] It is Elgadi's contention that money damages are warranted here as the "offending denials and allegations in Ideal's Answer and Counterclaims are objectively unreasonable. The denials are false. The allegations are false. The abuse of process claim is baseless, and clearly fails under established Virgin Islands law and precedent" and Ideal chose to stand by its false pleadings instead of rectifying them.[30] Finally, Elgadi asserts that Ideal will continue to file false affidavits and pleadings unless the Court imposes sanctions.[31]

## II.      LEGAL STANDARD

¶10     Virgin Islands Rule of Civil Procedure 11(b) states "[b]y presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party.[32]

---

[28] Pl.'s Memorandum 9.
[29] Pl.'s Memorandum 10.
[30] Pl.'s Memorandum 12.
[31] Pl.'s Memorandum 13.
[32] V.I. R. CIV. P. (11)(b).

¶11    Virgin Islands Rule of Civil Procedure 11(c) provides for sanctions for a violation of Rule 11(b), as well as the procedures counsel must follow in making a motion for sanctions, including the twenty-one (21) day safe harbor provision, as well as the requirement that any order imposing sanctions must describe the sanctioned conduct and explain the basis of the sanctions.[33]

¶12    Outside of the Virgin Islands, courts have found that sanctions may be imposed upon a party when, in a Complaint or Answer, factual allegations are frivolously denied when the allegations are true and the party "knew that they were true or would have known that they were true after conducting a reasonable inquiry."[34] This is particularly the case when a cursory investigation would reveal the falsity of the allegations, and even more so when the falsity is brought to the attention of a party through discovery or after having been served with a motion containing evidence of their falsity.[35] Motions for sanctions may be coupled with motions for default judgment or summary judgment.[36]

## III.    ANALYSIS

¶13    Elgadi requests that the Court strike Ideal's Answer and Counterclaim and order a new Amended Answer and Counterclaim filed with certain central representations of fact changed and the abuse of process claim dismissed. In effect, Elgadi's request is the same as would be made in a motion to dismiss or in a motion for summary judgment, as the Court would be dismissing a claim and the Court would be essentially making a finding of fact by supporting an allegation over a denial. Further, the Court does not find that ordering a party to amend an Answer and Counterclaim with specific denials and claims stricken from it to be an appropriate sanction—if a party's factual allegations are frivolous and it's claims baseless, the allegations and claims should

---

[33] V.I. R. Civ. P. (11)(c).

[34] *Williams v. R.W. Cannon, Inc.*, Case No. 08-60168-CIV-UNGARO/SIMONTON, 2008 U.S. Dist. LEXIS 82916, at *8 (S.D. Fla. Sept. 24, 2008).

[35] *Id.* at *8-12 (citations omitted) (citing first *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998), then *Gutierrez v. City of Hialeah*, 729 F. Supp. 1329, 1334 (S.D. Fla. 1990)):

> First, there is no question that it was frivolous for Defendants to assert these factual denials because there was no evidence to support them and, in fact, Defendants were aware that they were untrue . . . . . Second, assuming that it was necessary to conduct any investigation to conclude that their denials were frivolous, even the most cursory investigation would have made it clear that they were frivolous. Defendants have not asserted any reason to excuse their failure to conduct such a cursory investigation. Even if it could be argued that the failure of Defendants' counsel to uncover these basic facts was excusable when he filed the initial Answer, there is no basis in the record to excuse the fact that he reasserted the same frivolous denials in the Amended Answer even after those facts had come to light through discovery and even though he had been served with Plaintiff's motion for sanctions, which explained in detail how and why Defendants' assertions were frivolous.

*see also Jones v. International Riding Helmets*, 49 F.3d 692 (11th Cir. 1995) (affirming sanctions against a lawyer who filed a complaint when a cursory preliminary investigation would have revealed that the company being sued in a products liability action was incorporated after the allegedly defective product was manufactured).

[36] *See, e.g., Williams v. R.W. Cannon, Inc.*, Case No. 08-60168-CIV-UNGARO, 2008 U.S. Dist. LEXIS 67490, at *2 (S.D. Fla. Sept. 4, 2008) ("As a preliminary matter, the Court addresses Plaintiff's Motion for Entry of Default and for Sanctions with respect to Plaintiff's Renewed Motion for Summary Judgment.").

be dismissed or summarily judged on their merits before sanctions are assessed. This reasoning is strengthened by Elgadi's admitted intention to file a Rule 12(b) motion as well.[37]

¶14     Elgadi, however, has made an unopposed showing that certain denials are frivolous and easily refuted by the available evidence, such as the denial that Elgadi contacted Ideal or the denial that Ideal was not behind on legally required payments. Additionally, Elgadi has shown that certain claims are not based in either existing law or a nonfrivolous argument for extending the law, namely the claim that Elgadi is liable for abuse of process by pursuing his dissolution case. Thus, while the Court prefers to address the claims and allegations on their merits, Elgadi has certainly shown the criteria for sanctions under Virgin Islands Rule of Civil Procedure 11 have been met.

¶15     Therefore, the Court will deny Elgadi's request that the Court strike Ideal's Answer and Counterclaim and direct Ideal to file an amended Answer and Counterclaim. The Court will grant in part Elgadi's request for a reward of attorney's fees. Specifically, the Court will award Elgadi his reasonable attorney's fees for the filing fees and costs of preparing the instant sanctions motion. Insofar as Elgadi also requests sanctions in the form of attorney's fees for responding to the allegedly false accusations and baseless claims, the Court will reserve judgment until such time as the claims have been adjudicated or dismissed. Elgadi may then renew his request for sanctions premised on having to respond to false accusations and baseless claims.

¶16     Accordingly, it is hereby

        **ORDERED** that Plaintiff's Motion For Sanctions Pursuant To V.I.R. CIV. P. 11 And The Court's Inherent Authority, filed October 18, 2021, is **DENIED in part insofar as** the motion requests the Court to strike allegations and claims and order an Amended Answer and Counterclaim filed by the Defendant; and it is further

        **ORDERED** that Plaintiff's Motion For Sanctions Pursuant To V.I.R. CIV. P. 11 And The Court's Inherent Authority, filed October 18, 2021, is **GRANTED in part insofar as** it requests attorney's fees for demonstrating violations of V.I.R. CIV. P. 11 ; and it is further

        **ORDERED** that, **on or before March 15, 2022**, Plaintiff's counsel **SHALL FILE** an affidavit with an accounting of the reasonable cost and fees incurred in drafting and filing Plaintiff's Motion For Sanctions Pursuant To V.I.R. CIV. P. 11 And The Court's Inherent Authority, filed October 18, 2021; and it is further

        **ORDERED** that the Court **RESERVES JUDGMENT** on Plaintiff's Motion For Sanctions Pursuant To V.I.R. CIV. P. 11 And The Court's Inherent Authority, filed October 18, 2021, **to the extent that** Plaintiff requests sanctions and attorney's fees for responding to Defendant Ideal's allegations, denials, and counterclaims; and it is further

---

[37] Pl.'s Memorandum 10.

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: February 3, 2022

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____ 02/7/2022
**LATOYA CAMACHO**
Court Clerk Supervisor ____/____/____