792 F.2d 797
 1986 A.M.C. 2895, 5 Fed.R.Serv.3d 71
 ORANGE PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellant,
v.
FRONTLINE VENTURES LIMITED, a limited partnership, Defendants,
and
William D. Foote, Elizabeth R. Foote, Daniel D. Lane, Joan
A. Lane, Defendants- Appellees.
 No. 85-4105.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 9, 1986.
Decided June 17, 1986.
As Amended July 24, 1986.
 
 Richard J. Riordan, Jr., Kenneth G. Schoolcraft, Bradbury, Bliss & Riordan, Anchorage, Alaska, for plaintiff-appellant.
 Arnold W. Mednick, Paul R. Hamilton, Memel, Jacobs, Pierno, Gersh & Ellsworth, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the District of Alaska.
 Before GOODWIN, HALL and THOMPSON, Circuit Judges.
 THOMPSON, Circuit Judge:
 
 
 1
 Orange Production Credit Association ("OPCA") appeals from that portion of the district court's amended judgment awarding the defendants-appellees William D. Foote, Elizabeth R. Foote, Daniel D. Lane, and Joan A. Lane (the "individual defendants") $50,102.00 attorneys' fees and $3,900.52 costs. The attorneys' fees and costs were awarded as sanctions against OPCA under Rule 11 of the Federal Rules of Civil Procedure. We affirm.
 
 FACTS
 
 2
 Frontline Ventures, Ltd., a California limited partnership in which defendants-appellees William D. Foote and Daniel D. Lane were limited partners, borrowed $1,146.444 from OPCA. Acting through its general partner, Frontline signed, as maker, a promissory note to OPCA and secured the note with a ship's mortgage which it signed as mortgagor. The individual defendants signed the note as co-makers and guaranteed the mortgage. Defaults in repayment of the loan occurred. OPCA filed suit against the limited partnership, Frontline, and against the individual defendants in the United States District Court for the Central District of California to foreclose the mortgage and recover a deficiency on the note. OPCA and the individual defendants then entered into a settlement agreement pursuant to which the individual defendants paid OPCA $200,000 in October 1983 and obtained from OPCA a signed stipulation for dismissal of the lawsuit, with prejudice, as to them. Unknown to the individual defendants, the district court in California had already entered its order on March 23, 1983 dismissing the lawsuit for lack of subject matter jurisdiction.
 
 
 3
 OPCA made no settlement with Frontline, and by November 1983 the loan was again in default. Shortly thereafter, Frontline's general partner resigned, and in December 1983 Frontline abandoned the mortgaged vessel in Dutch Harbor, Alaska. OPCA then asserted a further claim against the individual defendants for payment of the balance of the note and on February 14, 1984 filed suit against them in the United States District Court for the District of Alaska to recover $934,835.47 plus interest. The claims asserted against the individual defendants in the district court in Alaska were the same claims OPCA had asserted against them in the district court in California.
 
 
 4
 On February 27, 1984, the individual defendants filed a motion in the district court in California to enforce the settlement agreement and to compel compliance with the dismissal with prejudice that OPCA had signed in October 1983. In July 1984 the court heard the motion. At the hearing, and at the urging of OPCA, the district court in California denied the motion on the ground that the court's order of March 23, 1983 had dismissed the case for lack of subject matter jurisdiction and there was still no subject matter jurisdiction.[1] The only basis for subject matter jurisdiction was allegedly under 46 U.S.C. Sec. 954(a) which provides as follows:
 
 
 5
 Upon the default of any term or condition of a preferred mortgage upon a vessel, the mortgagee may, in addition to all other remedies granted by this chapter, bring suit in personam in admiralty in a district court of the United States, against the mortgagor for the amount of the outstanding mortgage indebtedness secured by such vessel or any deficiency in the full payment thereof.
 
 
 6
 The individual defendants were not mortgagors and section 954(a) did not afford subject matter jurisdiction over the in personam claims against them.
 
 
 7
 Meanwhile, back in Alaska, OPCA continued to litigate the same claims which it had asserted in California, but which the district court in California had dismissed for lack of subject matter jurisdiction. Counsel for the individual defendants advised OPCA that if it did not terminate its Alaska suit against the individual defendants, they would seek Rule 11 sanctions. OPCA, however, chose to ignore that warning. The case was hard fought. OPCA pressed, and the individual defendants resisted, claims which, with interest, would have imposed a liability against the individual defendants in excess of $1 million.
 
 
 8
 In December 1984, the district court in Alaska granted the defendants' motion to dismiss the case for lack of subject matter jurisdiction, and determined that Rule 11 sanctions would be imposed against OPCA. Thereafter, the district court twice reconsidered its order imposing sanctions, and assessed attorneys' fees of $50,102.00 and costs of $3,900.52 against OPCA.
 
 ANALYSIS
 Rule 11 provides:
 
 9
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 10
 Subjective bad faith is not necessary to impose sanctions under Rule 11. Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir.1986). Sanctions under Rule 11 are appropriate when a pleading which has been filed "is frivolous, legally unreasonable, or without factual foundation...." Id. at 831. Here, OPCA filed a complaint in Alaska against the individual defendants even though it completely lacked a factual foundation for subject matter jurisdiction. OPCA knew from the California district court's decision that there is no subject matter jurisdiction in federal court over an in personam action against guarantors of a ship's mortgage. That defect had caused the district court in California to dismiss the case. And yet OPCA refiled the same case on the same claims against the same defendants in the district court in Alaska.
 
 
 11
 OPCA contends that between the time the case was dismissed in California and the time it was refiled in Alaska, Frontline's general partner had resigned and the vessel which was the subject of the mortgage had been abandoned in Alaska. These events, however, did not provide the court in Alaska with subject matter jurisdiction over OPCA's in personam claims against the individual defendants. OPCA also argues that during this same period the limited partners acted in a manner inconsistent with limited partnership status so as to render them liable on the mortgage as general partners of the mortgagor. But OPCA did not plead any of these matters in its complaint filed in the district court in Alaska, nor did it present in opposition to the individual defendants' motion to dismiss in the district court in Alaska any affidavit or other evidence sufficient to support these contentions. In its May 6, 1985 order the district court in Alaska stated:The underlying facts of this dispute remain relatively simple. Plaintiff commenced an action in federal district court in California, which suit was dismissed for lack of subject matter jurisdiction over the Individual Defendants. Simultaneously (or thereabouts) those same Individual Defendants and Plaintiff entered into a settlement agreement which on its face was a disposition of the California suit on its merits, and which on its face absolutely absolved the Individual Defendants of any further liability to Plaintiff. It may very well be that the writing of the settlement agreement was bungled. The Court makes no evaluation of that point.
 
 
 12
 The underlying problem as regards Rule 11 is now, and has always been, the fact that Plaintiff refiled in Alaska an action identical to that filed in California against the Individual Defendants. The California District Court lacked subject matter jurisdiction and it necessarily followed that this court also lacked subject matter jurisdiction. The fact that the California case was ostensibly settled and dismissed based upon an apparently absolute release did, of course, add a substantial aggravation factor to the Rule 11 problem. The Court has held that the filing of the Alaska complaint was an infraction of Rule 11, and the Court declines to further reconsider the matter.
 
 
 13
 We review de novo the district court's conclusion that the filing of the Alaska complaint by OPCA violated Rule 11. Zaldivar, 780 F.2d at 828. We conclude OPCA violated Rule 11 by filing a complaint in the federal district court in Alaska which it must have known completely lacked a factual foundation for subject matter jurisdiction. Fed.R.Civ.P. 11. The fact that the district court lacked jurisdiction to consider the merits of the case did not preclude it from imposing sanctions. Trohimovich v. Commissioner, 776 F.2d 873, 875 (9th Cir.1985) (sanctions awarded on appeal even though appeal dismissed for lack of jurisdiction).
 
 
 14
 We further conclude that the district court did not abuse its discretion by awarding sanctions of $50,102.00 for attorneys' fees and $3,900.52 for costs. The district court had before it complete documentation to support the requested amount of attorneys' fees and costs. It reviewed itemized computations of the time and charges for the attorneys' fees, reviewed detailed affidavits, and in setting the amount of fees applied several of the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir.1975) cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). The court was not required to consider all of the Kerr factors. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 838-839 (9th Cir.1982).
 
 
 15
 OPCA contends the district court failed to give it notice that the court would consider the October 1983 settlement agreement in determining whether to impose sanctions, and that the court therefore denied OPCA procedural due process by considering the effect of the settlement agreement. This argument overlooks the fact that the district court did not impose sanctions because of an alleged violation of the October 1983 settlement agreement, but because OPCA had refiled in Alaska the same lawsuit it had filed in California knowing full well that the district court in Alaska lacked subject matter jurisdiction just as the district court in California had lacked such jurisdiction.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 OPCA's business was located in the central district of California. The individual defendants all resided in Orange County, California. The order of the district court in California denying the motion was dated August 20, 1984. In it the court made the following findings of fact and conclusions of law:
 
 
 [1]
 The complaint filed by OPCA as against movants and each of them purported to seek deficiency judgments upon a promissory note secured by a ship mortgage upon the Oil Screw "Frontline" ("the Vessel");
 
 
 [2]
 Movants were not mortgagors of the Vessel; the mortgagor was Frontline Ventures, Ltd., a California limited partnership, of which movants William D. Foote and Daniel D. Lane were limited partners;
 
 
 [3]
 No subject matter jurisdiction over any claim asserted by OPCA against movants or any of them was conferred upon the federal courts by 46 U.S.C. Sec. 954;
 
 
 [4]
 No diversity of citizenship exists between OPCA and movants;
 
 
 [5]
 No other basis of federal subject matter jurisdiction exists;
 
 
 [6]
 At no time since the filing of this action has federal jurisdiction existed over any claim asserted by OPCA against movants or any of them;
 
 
 [7]
 The order filed on March 23, 1983 was an order of dismissal for lack of subject matter jurisdiction;
 
 
 [8]
 This Court is without jurisdiction to modify the order of dismissal filed March 23, 1983