**ORANGE PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellant,**

v.

**FRONTLINE VENTURES LIMITED, a limited partnership, Defendants,**

and

**William D. Foote, Elizabeth R. Foote, Daniel D. Lane, John A. Lane, Defendants-Appellees.**

No. 85–4105.

United States Court of Appeals, Ninth Circuit.

Oct. 15, 1986.

Richard J. Riordan, Jr., Kenneth G. Schoolcraft, Bradbury, Bliss & Riordan, Anchorage, Alaska, for plaintiff-appellant.

Arnold W. Mednick, Paul R. Hamilton, Memel, Jacobs, Pierno, Gersh & Ellsworth, Los Angeles, Cal., for defendants-appellees.

## ORDER

Before GOODWIN, HALL and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge:

Orange Production Credit Association ("OPCA") appealed from the district court's award of $50,102.00 in attorneys' fees and $3,900.53 in costs imposed against it as sanctions under Rule 11 of the Federal Rules of Civil Procedure. In *Orange Production Credit Association v. Frontline Ltd.*, 792 F.2d 797 (9th Cir.1986) we affirmed the district court's award of these fees and costs. Appellees have now applied for an additional award of attorneys' fees incurred by them in defending against OPCA's appeal.

Appellees contend that attorneys' fees incurred by them in defending against the appeal are themselves a "reasonable expense incurred because of the filing of a pleading," and thus recoverable under Rule 11. They argue that "but for" OPCA's improper filing of its complaint in the district court in Alaska there never would have been an award of sanctions under Rule 11, no appeal would have been taken, and no attorneys' fees on appeal would have been incurred. If we were to award sanctions of attorneys' fees on appeal based on this analysis, however, then every appellee who succeeded in preserving a favorable trial court award in a Rule 11 case would be entitled to fees on appeal regardless of the substance of the appeal. We do not perceive this to be the law. *See North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986); *Basch v. Westinghouse Electric Corp.*, 777 F.2d 165 (4th Cir.1985).

Appellees further argue that the policy behind Rule 11 mandates that fees on appeal be awarded whenever a district court's award of Rule 11 sanctions is affirmed. They contend that the failure to award fees on appeal in such instances would substantially diminish the value of the award made in the trial court and thus frustrate the purpose of the rule. They cite *Mickwee v. Hsu*, 753 F.2d 770 (9th Cir.1985) (per curiam) for this proposition. In *Mickwee* we stated:

> When the trial court has imposed sanctions for failure to comply with discovery and the order is appealed, as a general rule attorney's fees should be awarded where the discovery order is upheld. Failure to award attorney's fees in such instances would substantially diminish the value of the award made in the trial court and thus frustrate the purpose of Fed.R.Civ.P. 37. (citations omitted)

*Id.* at 770.

In *North American Watch Corp.*, we denied appellee's request for attorneys' fees on appeal although we affirmed the trial court's imposition of a sanction order dismissing appellant's counterclaim for a willful violation of a discovery order, coupled with an attempt to deceive the trial court. We noted that the issue on appeal, which was the propriety of the district court's dismissal of appellant's counterclaim, was "not without substance," and

that the sanction imposed was dismissal and not an award of fees. *North American Watch Corp.* at 1451.

The Fourth Circuit considered the standard to be applied to an application for attorneys' fees on appeal from a Rule 11 sanction order in *Basch v. Westinghouse Electric Corp.*, 777 F.2d 165 (4th Cir.1985). There the district court had granted Westinghouse's motion for sanctions under Rule 11 due to the plaintiff's failure to properly answer interrogatories. The court of appeals affirmed Westinghouse's sanction award but refused to award it attorneys' fees on appeal. The court stated:

> Westinghouse asked for fees and expenses incurred in connection with defending the instant appeal. *See, e.g., Mickwee v. Hsu,* 753 F.2d 770 (9th Cir. 1985); *Tamari v. Bache & Co. (Lebanon) S.A.C.,* 729 F.2d 469 (7th Cir.1984). The present case, however, does not present an appropriate occasion to penalize counsel for having taken an appeal from the district court sanction. Seidenman's appeal, although found to be without merit, was not frivolous nor was it interposed to harass defendant or delay implementation of a valid discovery order.

*Id.* at 175.

We recently granted attorneys' fees on appeal from a Rule 11 sanction order in *Hewitt v. City of Stanton,* 798 F.2d 1230 (9th Cir.1986). There plaintiff's counsel had removed the case from state to federal court when he should have known that he " ... did not have an arguable claim for ... removal." at 1233 (citation omitted). The district court awarded appellees $1,500.00 in partial attorneys' fees as sanctions under Rule 11 for opposing the removal. Plaintiff's counsel appealed from the Rule 11 sanction award. We affirmed

and awarded an additional $500.00 as sanctions for bringing a frivolous appeal under Fed.R.App.P. 38. We stated that "[b]ecause [plaintiff's counsel's] removal petition was clearly frivolous, the imposition of Rule 11 sanctions was unquestionably appropriate. Accordingly, [plaintiff's counsel's] appeal from the award of those sanctions is 'wholly without merit.' " at 1233.

In the case before us, while we concluded that the filing by OPCA of its complaint in the district court in Alaska was frivolous and the district court did not abuse its discretion in imposing sanctions under Rule 11 in the sum of $50,102.00 for attorneys' fees and $3,900.52 for costs, OPCA's appeal was not "wholly without merit." There was some question whether the sanctions were imposed by the district court on the basis of an earlier settlement agreement between OPCA and the appellees.

The attorneys' fee sanction in the district court in the present case was not imposed because of an abusive discovery practice, nor due to violation of a discovery order. The appeal was not taken for the purpose of harassing appellee or denying implementation of a valid order of the court. Although OPCA did not succeed on appeal, the appeal was not frivolous under Fed.R. App.P. 38. Accordingly, an award of attorneys' fees on appeal is not appropriate in this case.[1]

Appellees' application for costs on appeal is granted as appellees were the prevailing parties. Appellees' application for attorneys' fees on appeal is denied.

---

1. *Westmoreland v. CBS, Inc.,* 770 F.2d 1168 (D.C.Cir.1985) cited by appellees is inapposite. In *Westmoreland* the district court denied appellant's motion for attorneys' fees under Rule 11 and in order to obtain an award of fees incurred in defense of a groundless contempt proceeding growing out of an aborted deposition, appellant appealed. The Court of Appeals referred to policy considerations which favor an award of fees on appeal in order to preserve

sanctions awarded by the trial court, noted that *Westmoreland* presented the "flip side" of that issue, and concluded that appellant was entitled to fees incurred in the district court and on appeal. In support of its conclusion, the court stated: " ... in other areas of the law appellate fees are awarded where an appeal is necessary to correct a district court's erroneous denial of fees." *Id.* at 1179.