Decided April 15, 1989
Amended August 30, 1989

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | | |
|---|---|---|
| JUAN B. CAMACHO, | ) | DCA No. 88-9019 |
| | ) | CTC No. 88-270 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J. C. TENORIO ENTERPRISES, | ) | OPINION |
| INC., | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

Attorney for Appellant:    DOUGLAS F. CUSHNIE
                           Attorney at Law
                           P.O. Box 949
                           Saipan, MP  96950
                           Telephone: (670) 234-6843

Attorney for Appellee:     THEODORE R. MITCHELL
                           Third Floor, Nauru Building
                           P.O. Box 2020
                           Saipan, MP  96950
                           Telephone: (670) 234-9800

BEFORE:    MUNSON, HILL,[*] and DUENAS,[**] District Judges.

HILL, District Judge:

This court must determine whether the trial court erred in assessing Rule 11 sanctions against Camacho and his counsel, Cushnie, for filing a frivolous complaint.  For the reasons that

---

[*]    The Honorable Irving Hill, Senior Judge, United States District Court for the Central District of California, sitting by designation.

[**]    The Honorable Cristobal C. Duenas, Senior Judge, United States District Court for the District of Guam, sitting by designation.

965

follow, we affirm the trial court's award of sanctions, and further award sanctions for filing a frivolous appeal.

## FACTS

In 1982, Juan S. Camacho ("Camacho") executed a promissory note in favor of the Bank of Guam ("Bank") in the amount of $17,500, which was secured by a mortgage. Camacho defaulted on the note five months later, and the Bank elected under 2 C.M.C. 4553 to bring an action on the note instead of foreclosing on the mortgage ("1983 action"). On October 12, 1983, a default judgment was entered against Camacho for $18,867.23. In December, 1983, the Bank and Camacho entered into a stipulation pursuant to which Camacho agreed to pay the Bank $100 per pay period until the default judgment was satisfied.

Camacho twice fell behind in his payments, and on January 16, 1986, the Bank and Camacho entered into a new stipulation pursuant to which Camacho agreed to pay the Bank $150 every 2 weeks. The stipulation also provided that if Camacho had not sold th mortgaged property within 90 days, the Bank could sell the property at an auction, after public notice. An order apparently was entered pursuant to this stipulation, although neither party has provided this court with the order or the stipulation.

Camacho was unable to sell the property, and an auction was held on March 23, 1987 at which J. C. Tenorio Enterprises ("Tenorio") purchased the property for $50,100. Of the auction's

proceeds, $25,832.49 was applied to satisfy the default, and the balance was disbursed to Camacho.

Almost a full year after the auction and sale, on March 16, 1988, Camacho requested in effect that Tenorio treat the auction sale as having been a foreclosure, and that Tenorio should therefore calculate the amount necessary for redemption, pursuant to 2 C.M.C. § 4542. One week later, on March 23, 1988, Camacho filed the present suit against Tenorio seeking a net redemption amount and an accounting. That complaint asserts in paragraph 3 that the property was sold pursuant to a foreclosure sale.

Almost immediately after answering the complaint, Tenorio sought summary judgment on the ground that redemption was not an available remedy. Tenorio alleged that redemption is available only after a mortgage foreclosure, and that the auction at which Tenorio purchased the property was not a mortgage foreclosure, but was a "stipulated execution of judgment." Summary judgment was granted on April 26, 1988 on the ground that no right of redemption exists outside a foreclosure sale.

On April 27, 1988, Tenorio moved for the imposition of sanctions pursuant to Com. R. Civ. Pro. 11. After full briefing and a hearing, the court granted the motion and imposed sanctions against both Camacho and his attorney, Cushnie. The total award was for $3,318.90, and Camacho and Cushnie were each to pay half. Camacho and Cushnie appeal the imposition of sanctions.

## DISCUSSION

### A. Standard of Review

The standard of review of an award of sanctions pursuant to Rule 11 is trifurcated.[1] The trial court's determination of the facts regarding the allegedly improper conduct is reviewed under the clearly erroneous standard. Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir. 1986). Whether that conduct violated Rule 11 is reviewed de novo, and the sanction imposed is reviewed for abuse of discretion. Id.

In his order granting sanctions, the trial judge stated that because the complaint referred to the 1983 action, Camacho conceded that the sale was not a foreclosure sale but one to which Camacho had stipulated. The judge stated that the key to his decision was that "[Cushnie] could easily have seen from Civil Action 83-236 that there was no foreclosure and redemption was not a viable remedy." The judge then concluded that Cushnie had not made a reasonable inquiry into the matter before signing the complaint, and that the complaint was not well grounded in fact.

At issue in this appeal therefore is whether Cushnie's pre-complaint factual and investigation was objectively reasonable. The proper standard of review is de novo.

---

[1] The trial court imposed sanctions pursuant to Commonwealth Rule 11; however, because the language of that rule and Federal Rule 11 appear identical, and because both parties cite exclusively federal authority in their briefs, federal law is considered authoritative. For the same reason, the discussion of sanctions for a frivolous appeal, infra, relies upon the Federal Rules of Appellate Procedure.

B. Camacho's Complaint Was Not Well-Grounded

Rule 11 mandates the imposition of sanctions if an attorney signs and files a pleading that is not well-grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Fed. R. Civ. P. 11. The attorney's investigation into the facts and law must be objectively reasonable under the circumstances. Id.; Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986). The Ninth Circuit has stated the standard as follows:

> [r]ule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.

Id. at 831. The trial court's award of sanctions should be affirmed if Camacho's complaint satisfies any of these three elements.

Camacho's complaint alleges that the Bank sold the property to Tenorio at a foreclosure sale and that Camacho made a timely demand for redemption that Tenorio ignored. Tenorio asserts that Camacho's complaint was without factual foundation because the records of the 1983 action clearly indicated that the March 1987 sale was not a foreclosure sale, but was an execution to which Camacho had stipulated.

Tenorio is correct. Camacho's bold assertion that the Bank sold the property to Tenorio at a foreclosure sale and his attaching to the complaint a copy of the certificate of sale are misleading. Additionally, his assertion that Tenorio ignored

**969**

Camacho's demand for redemption implies that Camacho was entitled to redeem the property. Such an implication is not supported by the facts. Finally, Camacho's complaint withholds and does not disclose that Camacho stipulated to the sale of his property. In light of the factual misstatements, such omissions are also misleading. The sanctions imposed by the trial judge are amply warranted on the ground that the complaint was not well-grounded in fact.

### C. Tenorio's Request for Fees on Appeal

Rule 38 of the Commonwealth Rules of Appellate Procedure, like Rule 38 of the federal rules, permits an appellate court to award "just damages" and single or double costs to the appellee if the court finds the appeal to be frivolous. Com. R. App. Pro. 38. Tenorio seeks such sanctions here but has not submitted any detail or specific request as to attorney's fees.

An award of attorneys' fees on appeal is not appropriate merely because the appellate court affirms the granting of sanctions. See Orange Prod. Credit Ass'n v. Frontline Ventures Ltd., 801 F.2d 1581, 1583 (9th Cir. 1986). Sanctions are appropriate under appellate Rule 38 only if the appeal is frivolous--whether the underlying sanction award was unquestionably appropriate and the appeal from that award was wholly without merit. Id. (quoting Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986)).

We find this appeal to have been wholly without merit and clearly frivolous. We therefore order sanctions of $2500 plus double costs to be paid equally by attorney Cushnie and his client Camacho.

The judgment below is

AFFIRMED.

DATED: 4-15-89

_____
ALEX R. MUNSON, District Judge

_____
IRVING HILL, District Judge

_____
CRISTOBAL C. DUENAS, District Judge

971