15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 AMERICAN ASSOCIATION OF NATUROPATHIC PHYSICIANS, a
non-profit Oregon corporation, Plaintiff-Appellee,
v.
AMERICAN ASSOCIATION OF NATUROPATHIC PHYSICIANS, a
non-profit Nevada corporation, Defendant-Appellant.
 No. 93-35038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 31, 1994.*
Decided Feb. 2, 1994.
 
 Before: WRIGHT, REAVLEY** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Plaintiff sued defendant for trade name and service mark infringement, unfair competition, and violation of the Washington Consumer Protection Act. Defendant had adopted plaintiff's name, National Association of Naturopathic Physicians. The district court denied defendant's motion to dismiss for lack of personal jurisdiction, ordered defendant to obtain an attorney, sanctioned defendant's attorney, and granted summary judgment in favor of plaintiff on all claims, including its request for attorneys' fees. We affirm.
 
 
 3
 1. Personal jurisdiction.
 
 
 4
 The power of a federal court to exercise personal jurisdiction over a nonresident requires a state long-arm statute conferring personal jurisdiction. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987). Washington's long-arm statute confers jurisdiction "to any cause of action arising from ... (a) [t]he transaction of any business within this state; [or] (b) [t]he commission of a tortious act within this state." RCW 4.28.185.
 
 
 5
 Jurisdiction must also be consistent with due process. Lake, 871 F.2d at 1420. Limited jurisdiction requires that 1) the nonresident defendant do some act by which it purposefully avails itself of the privilege of conducting activities in the forum; 2) the claim arise out of the defendant's forum-related activities; and 3) the exercise of jurisdiction be reasonable. Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir.1990).
 
 
 6
 Plaintiff's affidavits and exhibits allege a number of contacts and show the defendant purposefully availed itself. A letter signed by defendant's president was mailed to at least two naturopathic physicians in Seattle and Spokane. Another was sent by the defendant's acting president to a naturopath in British Columbia. Defendant is correct that the letter was sent via the Canadian postal service, but the following appears at the bottom of the letterhead:
 
 
 7
 (Mailing Address) 14600 SE 176th V-5 Renton, WA 98058
 
 
 8
 That was also the return address on the envelope.
 
 
 9
 Defendant does not refute these factual allegations and fails to argue that jurisdiction was unreasonable.[1] The court's exercise of personal jurisdiction was proper.
 
 
 10
 2. The order to obtain counsel.
 
 
 11
 A corporation may appear only through an attorney. Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989). The exceptions to this rule do not apply to this defendant. Id. (exception for closely-held corporations not applicable to nonprofit organizations). The court did not err.
 
 
 12
 3. The order sanctioning defendant's counsel for filing a
 
 
 13
 motion to dismiss.
 
 
 14
 In November 1991, defendant, acting pro se, moved to dismiss for lack of personal and subject-matter jurisdiction and improper venue. The court denied the motion and ordered defendant to obtain counsel. In May 1992, attorney Samuel Fancher appeared for defendant. He filed another motion to dismiss for lack of subject-matter jurisdiction and improper venue.
 
 
 15
 The court again denied the motion. It also ordered the attorney to pay the attorney's fees incurred by the plaintiff in responding to the motion. The court said:
 
 
 16
 the motion is not warranted by existing law, is not based on a good faith argument for the extension or modification of existing law, and ignores the prior ruling of this Court addressing these issues.
 
 
 17
 Counsel could not ignore the earlier history of the case merely because the court required the defendant to obtain counsel. An attorney violates Rule 11 if a pleading raises an issue previously decided. See Orange Production Credit Assoc. v. Frontline Ventures Ltd., 792 F.2d 797, 800 (9th Cir.1986).
 
 
 18
 4. Summary judgment.
 
 
 19
 Plaintiff moved for summary judgment against defendant for:
 
 
 20
 (1) violating 15 U.S.C. Sec. 1125(a) (Section 43(a) of the Lanham Act); (2) common law unfair competition; (3) violation of the Washington Consumer Protection Act, RCW 19.86.020; (4) violations of common law services mark infringement; and (5) violations of common law trade name infringement.
 
 
 21
 Defendant did not respond to the motion, which was granted.[2]
 
 
 22
 Defendant appeals the summary judgment on each claim. But its brief addresses only Lanham Act and unfair competition issues. Issues not briefed on appeal are deemed abandoned and should not be considered. Collins v. San Diego, 841 F.2d 337, 339 (9th Cir.1988). Moreover, we need only validate one claim to affirm the judgment.
 
 
 23
 To prevail in a 15 U.S.C. Sec. 1125(a) action for trade name infringement plaintiff must prove it owns a distinctive name, it used the name in interstate commerce, and defendant's use of the name will cause a likelihood of confusion. See New West Corp. v. NYM Co. of California, Inc., 595 F.2d 1194, 1198-1201 (9th Cir.1979). Here plaintiff submitted uncontroverted facts in support of summary judgment that prove trade name infringement.
 
 
 24
 Plaintiff adopted the name AANP in 1986. That name has been used continuously since then, and is well known to a significant number of naturopathic physicians. Ownership is clear. See Id. at 1200 (quoting New England Duplicating Co. Inc. v. Mendes, 190 F.2d 415, 418 (1st Cir.1951)). Plaintiff also operates in interstate commerce. It participates in national accreditation, holds annual conventions in different states and distributes a national journal.
 
 
 25
 Defendant's use of AANP posed a substantial risk of confusion. The names are identical. The name AANP has considerable strength through its national membership and activities. Many naturopathic physicians are members of the plaintiff. Both organizations offer similar services, to the same market, i.e. naturopathic physicians. There was evidence of actual confusion and that defendant intentionally adopted plaintiff's name. Defendant's president said, "[T]he initial decision to move forward and change the name of the Nevada Association of Naturopathic physicians to the American Association of Naturopathic Physicians was done during the time when the Oregon, American Association of Naturopathic Physicians was dissolved." All these factors demonstrate a likelihood of confusion. See White v. Samsung Electronics America, Inc., 971 F.2d 1395, 1400 (9th Cir.1992) (applying eight factor test for confusion), cert. denied, 113 S.Ct. 2443 (1993). Summary judgment is affirmed.
 
 
 26
 5. Attorney's fees.
 
 
 27
 Because this appeal is frivolous, we award attorney's fees and costs on appeal to the plaintiff-appellee. See Fed.R.App.P. 38; McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981) (an appeal is frivolous when the result is obvious or the appellant's arguments of error are wholly without merit). The amount will be fixed by the district court.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The second requirement for limited jurisdiction, that the claim arise out of the defendant's forum-related activities, is clearly met. All letters either used the name AANP, or AANP of Washington, D.C
 
 
 [2]
 "The court will consider an issue conceded or neglected below if the issue is purely one of law and the pertinent record has been fully developed." In re Howell, 731 F.2d 624, 627 (9th Cir.1984)