FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE C. LAUSER, | No. 08-16562 |
| Plaintiff - Appellant, | D.C. No. 3:07-CV-06464-SC |
| FRANK P. SARRO, | |
| Appellant, | MEMORANDUM [*] |
| v. | |
| CITY COLLEGE OF SAN FRANCISCO; SAN FRANCISCO BUILDING AND CONSTRUCTION TRADE COUNCIL UNIONS; UNITED BROTHERHOOD OF CARPENTERS AND JOINDERS OF AMERICA LOCAL UNION NO. 22, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted October 5, 2009
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: HUG and PAEZ, Circuit Judges, and WU[**], District Judge.

Lawrence C. Lauser and his attorney, Frank P. Sarro, ("plaintiffs") appeal the district court's imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure in an action against the City College of San Francisco ("College"), the San Francisco Building and Construction Trade Council Unions, and the United Brotherhood of Carpenters and Joiners of America Local Union No. 22 ("Unions"). Plaintiffs filed a complaint in district court arguing that the College and Unions violated the National Labor Relations Act ("NLRA") and Labor Management Relations Act ("LMRA"). Plaintiffs alleged that the College wrongfully terminated Lauser and the Unions violated a collective bargaining agreement by failing to represent him in an action against the College. Opposing counsel informed plaintiffs that the claims were unwarranted by existing law, provided specific legal authority, and requested that they withdraw the complaint or be subject to a Rule 11 motion for sanctions. Plaintiffs continued to pursue the suit. The College and Unions moved for dismissal of the complaint and sanctions under Rule 11. The district court dismissed the complaint and imposed sanctions

---

[**] The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

in the amount of $14,774.39 against Sarro.  We review for an abuse of discretion,

*Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005), and we affirm.

The district court did not abuse its discretion in imposing sanctions against

Sarro under Rule 11 of the Federal Rules of Civil Procedure.  Rule 11(b)(2)

provides that by presenting any pleading, written motion, or other paper, the

signing attorney certifies that to the best of his "knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances", the claims,

defenses, and other contentions are warranted by existing law.  Fed. R. Civ. P.

11(b)(2).  Under Rule 11(c)(1), "the court may impose an appropriate sanction on

any attorney" who violates Rule 11(b).  Fed. R. Civ. P. 11(c)(1).

In this case, the district court properly imposed Rule 11 sanctions on Sarro

because he submitted a complaint that was not warranted by existing law and failed

to conduct a reasonable inquiry after he was informed by opposing counsel that the

complaint was baseless.  Fed. R. Civ. P. 11.  Plaintiffs submitted a complaint

asserting claims under the NLRA and LMRA.  The provisions of the NLRA and

LMRA do not apply to an employer that is a political subdivision of a state.  *Ayres*

*v. International Bhd. of Elec. Workers*, 666 F.2d 441, 442-44 (9th Cir. 1982); 29

U.S.C. §§ 142(3), 152(2), 185(a).  Factors to consider to determine if an employer

is a political subdivision of a state include whether the entity is administered by

individuals who are beholden to public officials or to the general electorate and whether the entity was created by the state. *Nat'l Labor Relations Bd. v. Natural Gas Util. Dist.of Hawkins County ("Hawkins")*, 402 U.S. 600, 604-605 (1971).

In this case, the College is an employer that is a political subdivision of a state because it was created by the state and is administered by individuals who are responsible to public officials or to the general electorate. The College is a community college which was created by the state pursuant to the California Constitution and is part of the state public school system. Cal. Const. art. IX, §§ 14, 16; Cal. Educ. Code § 66700. It is governed by a local Board of Trustees whose members are responsible to the public and is also governed by a state-wide Board of Governors whose members are appointed by the Governor. Cal. Educ. Code §§ 70900, 70902, 71000, 71002. Because the College was created by the state and is administered by individuals who are responsible to public officials or to the general electorate, the College is a political subdivision of a state. *See Hawkins*, 402 U.S. at 604-09 (holding utility district was political subdivision under that standard); *Ayres,* 666 F.2d at 442 (affirming dismissal of suit because utility district was political subdivision since it was created by voters and administered by elected officials). Thus, the College is exempt from the NLRA

and LMRA and the district court therefore lacked subject matter jurisdiction over these claims. *See Ayres,* 666 F.2d at 444.

Similarly, the Unions are also exempt under the NLRA and LMRA. Under both Acts, the term "employee" excludes a person employed by an entity that does not qualify as an "employer" under the Acts. 29 U.S.C. §§ 142(3), 152(3). The Acts both define a "labor organization" as any organization which represents "employees." 29 U.S.C. §§ 142(3), 152(5). The College is not an "employer" under both Acts because it is a political subdivision of a state and is expressly excluded. Because the College is not an "employer" under both Acts, Lauser is not an "employee" as that term is defined under both Acts. Because Lauser is not an "employee" under both Acts, and a "labor organization" is an organization that represents "employees," the Unions are exempt from the Acts. Thus, the district court properly found it lacked subject matter jurisdiction over these claims.

In addition, the Eleventh Amendment bars any suit against the College. Under the Eleventh Amendment, an agency of the state is "immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). This court has specifically held that California community college districts are agencies of the state which are immune from suit under the Eleventh Amendment. *See id.*

(holding California community college district was immune from suit under the Eleventh Amendment and stating that "California cases demonstrate that California state colleges and universities are 'dependant instrumentalities of the state.'" [citations omitted]); *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (holding that claims against a California community college were barred by the Eleventh Amendment). Thus, any suit against the College, which is a California community college, is barred by the Eleventh Amendment. *See id.; Mitchell*, 861 F.2d at 201.

The district court properly imposed sanctions on Sarro for filing a baseless complaint because the lack of subject matter jurisdiction should have been clear from well-established law on the NLRA and LMRA and the Eleventh Amendment. *See Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986) (holding that mortgagee violated Rule 11 by filing a complaint which lacked subject matter jurisdiction and affirming imposition of sanctions). Moreover, opposing counsel informed Sarro that the College was barred from suit under the Eleventh Amendment and that plaintiff could not maintain a suit under the NLRA and LMRA. Opposing counsel provided Sarro specific statutory cites and case law. Because Sarro failed to conduct a reasonable inquiry regarding jurisdiction, imposition of sanctions under Rule 11 was proper. *See id.*

The district court also did not abuse its discretion in awarding sanctions in the amount of $14,774.39. Rule 11(c) provides that a court may impose appropriate sanctions on any attorney who violates Rule 11 and award "the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(1), (2). Because the district court reviewed a detailed affidavit itemizing attorney's fees and costs, and the amount of fees and costs were reasonable, the district court did not err in awarding $14,774.39. *See Orange Prod. Credit Ass'n*, 792 F.2d at 801 (holding that $50,102.00 award for attorney's fees and $3,900.52 for costs was not an abuse of discretion for filing a complaint which lacked subject matter jurisdiction).

**AFFIRMED**.