In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 22-2623 & 23-1770

STEPHEN E. EBERHARDT,

*Plaintiff-Appellant,*

*v.*

PATRICK J. WALSH,

*Defendant-Appellee.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20 C 1171 — **Charles R. Norgle**, *Judge,* and
**Rebecca R. Pallmeyer**, *Judge.*

_____

ARGUED NOVEMBER 8, 2023 — DECIDED DECEMBER 5, 2024

_____

Before ROVNER, JACKSON-AKIWUMI, and PRYOR, *Circuit Judges*.

PRYOR, *Circuit Judge.* In this appeal, Attorney Stephen Eberhardt challenges the district court's decision to sanction him under Rule 11 of the Federal Rules of Civil Procedure and its denial of his motion to reconsider. Seeing no abuse of discretion in either decision, we affirm.

## I.   BACKGROUND

Eberhardt has a history with the Village of Tinley Park and its officials. At last count, he has filed more than 25 lawsuits, 14 ethics complaints, and 150 Freedom of Information Act requests since 2014, the vast majority of which have been dismissed. In one of those dismissed cases, the judge "put[] Eberhardt on notice" that his litigation strategy was nearly sanctionable, as Eberhardt seemingly did not "appreciat[e] the need for substantive legal support for his claims." *Eberhardt v. Seaman*, No. 17 L 11231 (Cir. Ct. Cook Cnty. Sep. 28, 2018) (Dkt. 153-4, Ex. C, at 19–20). Undeterred, Eberhardt continued filing frivolous lawsuits.

### A.  Eberhardt's Underlying Lawsuit

In early 2020, Eberhardt, an attorney who represented himself *pro se*, filed a 102-page, 19-count complaint against 11 defendants in federal court, including the Village, its officials, attorneys, and residents. Most of the complaint focused on an alleged scheme by the Village to prevent Eberhardt from making public comments at Village board meetings and on Village-related Facebook pages, in violation of his constitutional rights. Eberhardt also brought two claims against the Village's outside counsel, Patrick Walsh, and his law firm, Walsh Law Group, P.C., under the Illinois Open Meetings Act. Eberhardt alleged that Walsh was unlawfully appointed to this role.

The Defendants moved to dismiss the complaint, and the district court granted the motion without prejudice pursuant to Federal Rule of Civil Procedure 8. The district court noted that the complaint was "so lengthy, repetitive, and jumbled" that it was "impossible for Defendants or the court to

ascertain which facts [were] relevant to which claims and to which [D]efendants."

A few days later, Eberhardt filed an amended complaint, which he slimmed down to 39 pages and 16 counts, but it still contained many of the same wide-ranging allegations against the Village and Walsh.

All of the Defendants again filed motions to dismiss, which the district court granted. The court then entered final judgment.

## B.  District Court Rule 11 Sanctions Order and Award

Following judgment, Walsh's attorney filed a Federal Rule of Civil Procedure 11 motion for sanctions against Eberhardt for attorneys' fees and costs.[1] Walsh's attorney argued that Eberhardt's filings against Walsh—two claims that Walsh was unlawfully appointed to serve as outside counsel for the Village—violated Eberhardt's ethical duties under Rule 11. These filings, in Walsh's view, arose from a bad-faith desire by Eberhardt to harass Walsh and demonstrated Eberhardt's lack of due diligence to ensure that his claims were supported by existing law. To provide context for the alleged harassment, Walsh attached a table of Eberhardt's numerous lawsuits, Freedom of Information Act requests, and ethics and disciplinary complaints against the Village and its elected

---

[1] The motion for sanctions was brought under both Rule 11 and 28 U.S.C. § 1927, a statute that allows courts to impose costs and attorneys' fees on "[a]ny attorney … who … multiplies the proceedings in any case unreasonably and vexatiously." Because the district court sanctioned Eberhardt under Rule 11, it did "not address whether sanctions pursuant to § 1927 are applicable."

officials, employees, attorneys, and citizens. Eberhardt responded and requested a hearing.

The district court denied Eberhardt's hearing request and granted Walsh's Rule 11 motion, ordering Eberhardt to pay Walsh $26,951.22 in attorneys' fees. The district court found Eberhardt's claims were "frivolous" and "brought with inadequate investigation into the relevant law and facts." The district court explained that Eberhardt's claims had three fundamental legal flaws: a lack of facts establishing the court's subject-matter jurisdiction; a lack of injury-in-fact based on Walsh's appointment; and a lack of evidentiary support that Walsh was appointed in violation of the Village's Purchasing Ordinance.[2] At bottom, the district court found "Eberhardt sued Walsh, alleging little action and no injury, for violations of Village ordinances that were not violations at all."

The district court concluded that Eberhardt's legal theories were "not objectively warranted by existing law or a good faith argument for its extension." The court also determined, based on Eberhardt's history with the Village and his actions in the present case, that Eberhardt had brought these claims to be "a nuisance." In support, the district court noted the vast number of suits that Eberhardt had filed against the Village and its officials. Additionally, Judge Norgle pointed to Eberhardt's hyperactive motions practice in this case, which consisted of sixteen motions—

---

[2] As Eberhardt points out on appeal, the district court cited to a superseded version of this Purchasing Ordinance. (App. Dkt. 36 at 8 n. 2). But the operative language of the correct version is identical to the previous version, so that does not undermine the court's analysis. (*Compare* Dkt. 153-9 at 6–9, *with* Dkt. 194-3 at 10–12).

including several made on an emergency basis—that were, other than two minor motions, all denied. This, the court determined, all "scream[ed] bad faith."

### C. Denial of Reconsideration of the Sanctions Order

Eberhardt moved for reconsideration of the Rule 11 sanctions order.[3] The district court denied the motion finding the sanctions order "amply justified." In denying reconsideration, the court also found that the lack of a hearing before the sanctions order did not violate due process because Eberhardt could not explain what purpose would have been served by such a hearing.

## II.   ANALYSIS

Eberhardt now appeals both the sanctions order and the order denying reconsideration. We address each argument in turn.

### A. Legal Summary

The purpose of Federal Rule of Civil Procedure 11 sanctions is to deter baseless filings in the district court. *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). As a result, Rule 11 imposes certain duties on attorneys and *pro se* parties. *See* FED. R. CIV. P. 11, Notes of Advisory Committee on Rules, 1983 Amendment ("Rule 11 … appl[ies] to anyone who signs a pleading, motion, or other paper."). One duty is to not make filings "for any improper purpose," like harassment. *Id.* at 11(b)(1). Another duty is to make "an inquiry reasonable under the circumstances" and then submit only "claims" and

---

[3] After this motion was filed, Judge Charles Norgle took inactive senior status, and the case was transferred to then-Chief Judge Rebecca Pallmeyer.

"legal contentions" that "are warranted by existing law." *Id.* at 11(b)(2). If a district court finds that a lawyer or party has breached either of those duties, it "may impose an appropriate sanction." *Id.* at 11(c).

There must be due process before Rule 11 sanctions are issued, including notice and an opportunity to respond. *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1494 (7th Cir. 1989); FED. R. CIV. P. 11(c)(1). But the right to a hearing is "obviously limited to cases where a hearing could assist the court in its decision." *Id.* at 1494–95. When a party's sanctionable conduct is apparent from the record, the district court does need not to conduct a hearing because "there are no issues that a hearing could illuminate and hence the hearing would be pointless." *Id.* at 1495.

### B. Discussion

#### 1. Order Granting Rule 11 Sanctions

Eberhardt maintains that the district court erred both substantively and procedurally in ruling on Walsh's Rule 11 motion. We review a Rule 11 sanctions order for an abuse of discretion. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 694 (7th Cir. 2022).

##### a. Whether the district court abused its discretion in sanctioning Walsh

The district court found that Eberhardt violated Rule 11(c)(1) of the Federal Rules of Civil Procedure in bringing his claims against Walsh. First, the district court found that Eberhardt filed suit to harass Walsh. This determination is supported by the record. This suit is but one of an incredible number of cases that Eberhardt has brought against the Village of Tinley Park and its officials, attorneys, and

residents. In this case alone, Eberhardt filed over a dozen motions—including three motions for a preliminary injunction and two motions for a temporary restraining order—which were almost entirely denied. We agree the district court made a reasonable determination that Eberhardt's tactics, as informed by his past practice, were designed to harass Walsh. *See Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 931–32 (7th Cir. 1989) (en banc) ("A paper 'interposed for any improper purpose' is sanctionable whether or not it is supported by the facts and the law … ."). Therefore, the district court did not abuse its discretion in finding Eberhardt's conduct to be in violation of Rule 11(b)(1).

Second, the district court determined that Eberhardt failed to conduct "an inquiry reasonable under the circumstances" and bring only claims "warranted by existing law." Because Eberhardt brought claims that he knew were meritless and that suffered from "fundamental" jurisdictional defects, the district court did not err in concluding Eberhardt violated Rule 11(b)(2). Both reasons are supported by the record. *See Berwick Grain Co. v. Ill. Dep't of Ag.*, 217 F.3d 502, 504 (7th Cir. 2000) ("[L]egally unreasonable arguments … may incur penalty.").

By the time Eberhardt filed his amended complaint, he should have known that his claims relating to Walsh's appointment were groundless. A reasonable inquiry under the circumstances would have revealed that the Village's Purchasing Ordinance squarely permitted the type of appointment at issue here: engaging a lawyer for services worth less than $20,000. Indeed, Eberhardt didn't need to do much homework—Walsh's attorney told him about the Purchasing Ordinance in his Rule 11 notice that predated the

amended complaint. Armed with this information, Eberhardt should not have pressed these claims against Walsh. By pursuing these claims anyway, Eberhardt violated Rule 11(b)(2) and (b)(3). *See Flaherty v. Gas Rsch. Inst.*, 31 F.3d 451, 459 (7th Cir. 1994) (affirming Rule 11 sanction issued after attorney filed complaint despite being apprised that claims were clearly subject to dismissal).

Eberhardt's claims against Walsh also contained serious jurisdictional flaws. First, the district court plainly lacked supplemental jurisdiction over these claims, because they had no factual overlap with the federal claims that provided jurisdiction. *See* 28 U.S.C. § 1367(a) (providing supplemental jurisdiction for "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Second, Eberhardt lacked standing to sue over these claims because the allegations concerning Walsh's appointment were nothing more than generalized grievances that are insufficient to confer standing in federal court. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (no Article III standing based on "generalized grievance shared … by all or a large class of citizens").

To be sure, not every jurisdictional misstep justifies Rule 11 sanctions. But here, the district court reasonably found that Eberhardt—an attorney acting *pro se*—should not have made these claims given the fundamental errors underlying them. Viewed in context, this decision was not an abuse of discretion. *See Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958 (7th Cir. 2020) (affirming Rule 11 sanctions based on "legally frivolous" arguments); *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986) (affirming Rule 11 sanctions when party filed a complaint "which it must

have known completely lacked a factual foundation for subject matter jurisdiction"); *Collins v. Daniels*, 916 F.3d 1302, 1320–23 (10th Cir. 2019) (affirming Rule 11 sanctions when lawyer "ha[d] no objectively reasonable basis for asserting standing to sue").[4]

> *b. Whether the district court needed to hold a hearing*

Regardless of the propriety of the sanctions order, Eberhardt's main argument on appeal is that he was denied due process because the district court declined to hold a hearing before sanctioning him.

It is true that there must be due process before Rule 11 sanctions are issued. *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1494 (7th Cir. 1989). But a hearing is not required unless it "could assist the court in its decision." *Id.* at 1494–95. Indeed, if the "record [i]s adequate to determine whether sanctions [a]re necessary," hearings are discouraged. *Teamsters Loc. No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 279 (7th Cir. 1989).

There was no need for a hearing here. The district court sanctioned Eberhardt on two independent grounds: (1) his legal claims were objectively frivolous, and (2) his claims were subjectively brought in bad faith simply to harass Walsh. By Eberhardt's own admission, however, the purpose of a hearing would have been only to undermine the second grounds for sanctions: Walsh's argument that this suit was

---

[4] Eberhardt argues—for the first time in his reply brief—that Walsh failed to substantially comply with Rule 11's safe-harbor provision before moving for sanctions. An argument made for the first time in a reply brief is waived, *Bradley*, 59 F.4th at 897, so we do not consider it.

brought in bad faith. The district court was under no obligation to hold a hearing as Eberhardt challenged only one of the two independent grounds for imposing sanctions. *See Kapco Mfg. Co.*, 886 F.2d at 1494–95 ("Whether an attorney who is being sanctioned acted in good faith is not material if his conduct was objectively unreasonable.").

### 2. *Order Denying Motion for Reconsideration*

Eberhardt also argues that the district court abused its discretion in denying his motion to reconsider the sanctions order. He contends that Chief Judge Pallmeyer erred in agreeing with the findings in Judge Norgle's sanctions order and that the district court should have granted his request for a hearing. We apply an "extremely deferential" abuse of discretion standard when evaluating a denial of a motion to reconsider. *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009).

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (internal quotations omitted). Here, there was no "error[] of law or fact" to correct, given that the court appropriately ruled on the sanctions issue. Moreover, Eberhardt points to no newly discovered evidence he provided the district court. Thus, it was not an abuse of discretion to deny Eberhardt's motion to reconsider.

### III.  CONCLUSION

For these reasons, we AFFIRM the district court's sanctions order and denial of the motion to reconsider.